GODWIN S. COLLIER, Respondent, *v.* HENRY S. COLLINS, Appellant.

APPEAL — FROM JUDGMENT, ONLY, AFTER DENIAL OF MOTION FOR NEW TRIAL — APPELLATE DIVISION HAS NO POWER TO REVIEW OR REVERSE UPON THE FACTS. Where, in the trial of an action before a jury, after the granting of a motion dismissing the complaint at the close of plaintiff's case, to which no exception was taken, a motion for a new trial, made without specifying any grounds, was denied, but no order was entered and no foundation laid for an appeal therefrom, the Appellate

Division, upon an appeal from the judgment dismissing the complaint, has no power to review or reverse upon the facts, and where there are no exceptions taken to rulings relating to the admission or exclusion of evidence that would authorize the reversal of the judgment of the trial court, the Court of Appeals must reverse the order of the Appellate Division and affirm the judgment of the trial court.

*Collier* v. *Collins*, 58 App. Div. 550, reversed.

(Argued June 20, 1902; decided October 7, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 8, 1901, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

This action was brought to recover damages on account of personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. She rented the ground floor of a tenement house from him, and was authorized by his agent to use a window, which had an iron gate swinging on hinges, in order to reach the back yard. An area in the yard, directly beneath the window and two feet lower, opened into the cellar, which had another entrance for the use of tenants generally. At the surface of the ground the area was twenty-two by thirty-two inches in size and was covered by wooden slats fastened together, making a cover twenty-four by thirty-two inches, but without anything to prevent it from slipping into the hole if it became slightly displaced. It had no support on the side next to the house, and when exactly in position the margin of support by the ground was but two inches. On one occasion, not long before the accident, the plaintiff asked the defendant's agent to fix it and he said that he had, and thereupon jumped upon it declaring it was all right. It does not appear what he did to repair it, but its dimensions were not enlarged nor further support furnished. November 7th, 1898, at about half-past ten in the evening, the plaintiff went out into the yard through the window to hang up clothes, as was her custom, and on returning, the cover over the area as she stepped

upon it tilted into the hole, and she was injured more or less severely. The trial court dismissed the complaint, but the Appellate Division reversed the judgment entered accordingly, two of the justices dissenting.

*J. Stewart Ross* for appellant.

*John J. Leary* for respondent.

VANN, J. At the close of the evidence for the plaintiff the defendant moved to dismiss the complaint upon the ground that no cause of action had been established against him. The motion was granted, but the plaintiff took no exception, and thus apparently acquiesced in that disposition of the case. (*Hecla Powder Co. v. Sigua Iron Co.*, 157 N. Y. 437, 441.) Her motion for a new trial, made without specifying any ground therefor so far as appears, was denied and she excepted, but no order was entered and no foundation laid for an appeal therefrom. Her appeal to the Appellate Division was from the judgment only. She made no attempt to appeal from an order, whether entered or not, denying her motion for a new trial. Her notice of appeal is silent upon the subject, as she asked a review of nothing but the judgment.

While a different rule prevails in actions tried by the court without a jury, or by a referee, when the trial is before a jury an appeal from the judgment brings up for review by the Appellate Division questions of law only arising upon exceptions taken during the trial. (*Thurber* v. *Harlem Bridge, M. & F. R. R. Co.*, 60 N. Y. 326, 328; *Boos* v. *World Mutual Life Insurance Co.*, 64 N. Y. 236, 242; Baylies on Appeals, 308.) Such an appeal does not permit that court to pass upon the weight of evidence, and is in effect a waiver of any further review of the questions of fact. While Appellate Divisions have a wide latitude, which we should be glad to have them exercise more freely, in reversing upon the facts, they have no power to do so, in an action tried before a jury, unless an order is entered denying a motion for a new

trial made upon the proper ground and an appeal is taken from the order. No exception lies to the action of the court in denying such a motion, but an order must be entered and an appeal taken therefrom, or the Appellate Division has no power to review or reverse upon the facts. (Code Civ. Proc. §§ 999, 1347.)

The only questions properly before the court below were those raised by exceptions taken to rulings relating to the admission or exclusion of evidence. The counsel for the plaintiff has argued no exception of this character, and we are unable to find one that would authorize a reversal of the judgment rendered by the trial court. Certain evidence, at first excluded subject to exception, was finally received and the error thus corrected. No other exception raises a debatable question, and hence we are compelled to reverse the order of the Appellate Division and to affirm the judgment of the trial court, with costs.

Parker, Ch. J., Gray, O'Brien, Bartlett, Martin and Cullen, JJ., concur.

Ordered accordingly.