GEORGE F. VAN SLYCK, as Receiver of J. F. SMITH AND COMPANY, Appellant, *v.* MARTIN C. WOODRUFF et al., Respondents, Impleaded with Others.

GEORGE F. VAN SLYCK, as Receiver of J. F. SMITH AND COMPANY, Appellant, *v.* WILLIAM R. WARNER, Individually and as Executor of WILLIAM R. WARNER, Deceased, and as Surviving Partner of the Firm of WM. R. WARNER AND COMPANY, Respondent.

APPEAL FROM ORDER OF REVERSAL BY APPELLATE DIVISION ON LAW AND FACTS — COURT OF APPEALS WILL AFFIRM ORDER AND DIRECT JUDGMENT ABSOLUTE. Where the Appellate Division has reversed a judgment both on the law and the facts and the record on appeal from

the order of reversal clearly shows that questions of fact were involved in the action, the Court of Appeals will affirm the order appealed from and direct judgment absolute in favor of the respondent, with costs in all courts, since it is necessary to restrain the practice of taking such reckless appeals by the most repressive form of judgment.

*Van Slyck* v. *Woodruff*, 118 App. Div. 47, affirmed.

*Van Slyck* v. *Warner*, 118 App. Div. 40, affirmed.

(Argued April 10, 1908; decided April 24, 1908.)

APPEAL in each of the above-entitled actions from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 8, 1907, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial in an action to set aside a transfer of trade marks on the ground of fraud.

*Charles Howard Williams*, *Howard H. Williams* and *James D. Williams* for appellant.

*Albert Francis Hagar* for respondents.

*Per Curiam.*    These actions were brought by the plaintiff as the representative of certain judgment creditors of a common debtor to set aside several transfers of personal property as made with intent to hinder, delay and defraud creditors, or to effect an unlawful preference.    In each action the judgment rendered by the trial court in favor of the plaintiff was reversed by the Appellate Division both on the law and the facts.    The record clearly and unmistakably shows that questions of fact were involved in each action, and that those questions were decided in favor of the plaintiff by the trial court, but the findings were set aside by the Appellate Division as against the evidence.    Still the plaintiff appealed to this court from the orders of reversal and stipulated that if such orders should be affirmed judgment absolute should be rendered against him.    Upon the argument we were asked not to affirm the orders but to dismiss the appeals in case we reached the conclusion that the Appellate Division had jurisdiction to reverse on the facts.    These reckless appeals, however, notwith-

standing our repeated admonitions, are frequently brought, and it is necessary to restrain the practice by the most repressive form of judgment within our power. Accordingly, we affirm the orders appealed from and direct judgment absolute in favor of the defendants, with costs in all courts.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Orders affirmed and judgment absolute ordered against appellant in each case, on the stipulation, with costs in all courts.