SINCLAIR TOUSEY, Appellant, *v.* GEORGE G. HASTINGS, as Executor of ROSALIE T. HASTINGS, Deceased, Respondent.

**Judgment absolute rendered on stipulation where question of fact involved.**

There may be a question of fact when all witnesses are worthy of belief and no witness contradicts another.

When facts proven without dispute require an exercise of reason and judgment, so that one reasonable mind may infer that a controlling fact exists, and another that it does not exist, a question of fact is raised, since diverse inferences may be drawn therefrom. Aside from the danger of fabrication, statements of witnesses relating to oral admissions are regarded as unreliable evidence.

This court cannot deal with facts, which must be settled in the Supreme Court. An appeal upon stipulation for judgment absolute, where a question of fact is involved, is hazardous, if not fatal. Under such circumstances an appeal will not be dismissed, but the order appealed from will be affirmed and judgment absolute ordered against the appellant. (*Van Slyck* v. *Woodruff*, 192 N. Y. 547, followed.)

*Tousey* v. *Hastings*, 127 App. Div. 94, affirmed.

(Argued December 17, 1908; decided January 5, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 19, 1908, reversing on the law and the facts a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

This action was brought to compel the specific performance of an alleged oral agreement by the defendant's testatrix to leave, upon her death, certain property to the plaintiff. The facts, so far as material, are stated in the opinion.

*James M. Hunt* and *George W. Elkins* for appellant. The Appellate Division cannot create a question of fact merely by inserting in its order of reversal a recital that the reversal is " upon questions of fact," upon a record clearly showing that there was no contradiction to be found in the evidence. (*Aldridge* v. *Aldridge*, 120 N. Y. 614; *Barnard* v. *Gantz*, 140 N. Y. 249; *Cook* v. *N. Y. E. R. R. Co.*, 144 N. Y. 115; *Foster* v. *Bookwalter*, 152 N. Y. 166; *Otten* v. *M. Ry. Co.*, 150 N. Y. 395; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Westerfield* v. *Rogers*, 174 N. Y. 230; *Matter of Totten*, 179 N. Y. 112; *Allen* v. *C. E. Bank*, 181 N. Y. 278.)

*Morgan J. O'Brien, Theron Davis* and *Edwin L. Kalish* for respondent. It affirmatively appearing in the order of reversal that the reversal was unanimous upon the facts, this appeal cannot be maintained. (*Bennett* v. *L. I. R. R. Co.*, 181 N. Y. 435; *Spies* v. *Lockwood*, 165 N. Y. 481; *Otten* v. *M. R. Co.*, 150 N. Y. 395; *Livingston* v. *City of Albany*, 161 N. Y. 602; *Hirsch* v. *Jones*, 191 N. Y. 195; *Crooks* v. *P. N. Bank*, 177 N. Y. 68; *Matter of Mosher*, 185 N. Y. 435.)

Vann, J. This case adds another to the long list in which appeals to the Court of Appeals were ineffectual because the Appellate Division reversed the judgment of the Trial Term both on the facts and the law. We have frequently held, but it does not seem to be well understood, that there may be a question of fact when all the witnesses are worthy of belief and no witness contradicts another. Diverse inferences may be drawn from the narrative of a truthful witness and when the narration is of oral admissions made some time before and although the precise words are important there is no circumstance to impress them particularly on the memory, it is seldom that a question of fact is not presented as to whether the essential fact is fully proved. Aside from the danger of fabrication, verbal admissions are regarded as unreliable evi-

dence, because experience shows that they are frequently misunderstood, imperfectly remembered and inadvertently made.

The alleged contract in this action was of a class, posthumous in effect and regarded with anxiety by the courts, that can be established only by clear, credible and satisfactory evidence. (*Hamlin* v. *Stevens*, 177 N. Y. 39.) As found by the trial court, it was a verbal contract made by the defendant's testatrix to " make such provision that upon her death " property said to be worth nearly half a million of dollars " owned by her should belong to and become the property of the plaintiff." There was no writing of any kind to support the contract. No witness was called who was present when it is alleged to have been made and the only evidence to establish it was given by two witnesses, doubtless disinterested, who testified to admissions made by the decedent in casual conversations with them more than two years before. She made two wills afterward and in each ignored the plaintiff's claim, yet it is conceded that she was a woman of high character. At her funeral, and before he knew the contents of her will, the plaintiff began to negotiate with her executor for the purchase of the very property that he now claims by virtue of said contract. He did not disclose his claim to the executor until this action was commenced. The most vital evidence of the most important witness for the plaintiff was given by him under circumstances which made it look like an afterthought. The conversations in which the admissions are alleged to have been made were desultory in character and consistent with an agreement, or with the declaration of an intent to do something without promising to do it. There was nothing to particularly impress them upon the memory of the witnesses and there were inconsistencies which, although not grave, bore on the accuracy of their recollection. They did not profess to give the words used by the decedent, and as was well said by the Appellate Division, " How much is inference and how much recollection, neither we nor the witnesses can tell." The opportunity for misun-

derstanding and misrecollecting what the decedent said is quite apparent from the evidence, and as the highest Federal court once declared : " Courts of justice lend a very unwilling ear to statements of what dead men had said." (*Lea* v. *Polk Co. Copper Co.*, 21 How. [U. S.] 493, 504.)

These circumstances and others which are set forth much more fully by the Appellate Division, make it obvious, as we think, that there was a question of fact whether the contract was made as alleged or not. " When facts proved without dispute require the exercise of reason and judgment, so that one reasonable mind may infer that a controlling fact exists and another that it does not exist, there is a question of fact." (*Hirsch* v. *Jones*, 191 N. Y. 195, 198 ; *Matter of Totten*, 179 N. Y. 112, 116.)

Upon the argument before us the learned counsel for the plaintiff was informed by the chief judge that if there was a question of fact in the case, absolute judgment would doubtless be rendered against the appellant upon his stipulation, still he preferred to run that risk rather 'han encounter the danger of an adverse finding of fact against him upon a new trial. No doubt the situation which confronts counsel upon a reversal of the Special Term on the facts is embarrassing, because the court upon a new trial is too apt to follow the view of the Appellate Division instead of deciding the questions of fact wholly on its own judgment, as is its duty, still an appeal to this court is hazardous if not fatal, as we cannot deal with the facts, which must be settled in the Supreme Court. While we could dismiss the appeal and allow the plaintiff to have another trial, in view of the circumstances and the recent announcement of our intention to restrain such appeals " by the most repressive form of judgment within our power," we feel compelled to affirm the order appealed from and to render judgment absolute against the appellant, with costs in all courts. ( *Van Slyck* v. *Woodruff*, 192 N. Y. 547.)

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Order affirmed, etc.