LICARI et al. v. McMONIGLE.

(Supreme Court, Special Term, Kings County. January, 1909.)

TRUSTS (§ 44*)—EVIDENCE TO ESTABLISH.

A mother, in contemplation of death, delivered a warranty deed of her premises to one of her daughters. The two other daughters of the deceased sued to compel their sister to deliver a mortgage to them for one-half the value of the property, on the ground that the deed was delivered

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to defendant on her promise to execute such a mortgage. *Held*, that the evidence was insufficient to warrant finding for plaintiff.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 67; Dec. Dig. § 44.*]

Action by one Licari and others against one McMonigle. Judgment for defendant.

Bolger & Hickey (William J. Bolger, of counsel), for plaintiffs.
Sidney W. Fry (Eugene D. Boyer, of counsel), for defendant.

KELLY, J. I reach the conclusion in this case that the plaintiffs' evidence is not sufficient to justify the court in setting aside the solemn act of the deceased mother of the parties. Through false economy, deceased summoned a notary public to draw papers which should have been prepared by a lawyer, and the court is now asked to attach a trust to property conveyed absolutely, or to force the grantee to execute a mortgage or mortgages on part of the land conveyed; and the terms of the trust, and the details of the mortgage as to term, rate of interest, and the like, are left largely to the imagination. Mr. Strain says he suggested that the deceased "make a deed to Sadie, and have Sadie make a mortgage to the other two daughters for their half." A mortgage on what, for how much, to run for what period, what rate of interest, and upon what terms as to payment? The witness Mrs. Lake says nothing about a mortgage. She says deceased said:

"I want Sadie to have everything in the house, and one half of all the property. The other half should be divided between my two daughters, share and share alike."

The two alleged oral declarations are inconsistent. If Mr. Strain understood that a mortgage was to be made, it is inconceivable that neither at the time nor later did he prepare a mortgage or ask the defendant to execute it. The mother lived for some days after the deed was made, but neither of the plaintiffs was called as a witness, nor was any explanation given of their failure to discuss the matter or demand their rights. It may be that it would have been more equitable for the mother to have divided her property equally between her three daughters; but it is not for the court to dispose of her property. The three sisters are not on good terms, and the defendant while on the stand went out of her way to make insinuations against one of her sisters, which have nothing to do with the case, and in decency and charity should have been omitted. It is not that I am impressed so much by the testimony of defendant and Mr. Farlow, but because the plaintiffs' evidence is so weak and indefinite that I think the physician's evidence overcomes it, if it has any force whatever. For the reasons set forth by the Court of Appeals in Rosseau v. Rouss, 180 N. Y. 116, 72 N. E. 916, Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118, Roberge v. Bonner, 185 N. Y. 265, 77 N. E. 1023, and in the recent case of Tousey v. Hastings, 86 N. E. 831, I am constrained to find that plaintiffs' evidence is insufficient to justify interference with defendant's rights under the deed.

There must be judgment for defendant, without costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes