ANNA KRAUS, Respondent, *v.* LOUISE BIRNBAUM, Appellant.

Pleading — effect of admission in an answer — nonsuit — motion
for a nonsuit presents questions of law only — order of Appellate
Division reversing judgment entered upon a nonsuit, reviewable
in Court of Appeals notwithstanding order states reversal to
have been made upon the facts as well as the law — ejectment —
plaintiff cannot maintain action without proof that defendant
was in possession of the premises at commencement of action.

An admission in an answer, notwithstanding a denial therein, can always
be taken as some evidence against the person making such admission.
Upon a motion for a nonsuit, an issue of law only is presented. The
question of law is, whether admitting all the facts presented, and giving
to the plaintiff the advantage of every inference that can properly be
drawn therefrom, an issue of fact is raised for the determination of the
jury.
The court dismissed the complaint upon two grounds stated by it. Plain-
tiff duly excepted to the determination and asked to go to the jury upon
all of the issues raised by the pleadings, which motion was denied.
Judgment was entered, and upon appeal was reversed and a new trial
granted, the order and judgment stating the reversal to be upon the
law and the facts. *Held*, notwithstanding the form of the order of the
Appellate Division, the only question for determination in this court is
a question of law. A nonsuit or direction of a verdict, duly excepted
to, raises a question of law reviewable on appeal from the judgment
both in the Appellate Division and in this court.
Where the plaintiff, in an action of ejectment, failed to prove that the
defendant was in possession of any part of the premises in question at
the time of the commencement of the action, the action cannot be
maintained.
*Kraus* v. *Birnbaum*, 132 App. Div. 567, reversed.

(Argued October 6, 1910; decided December 6, 1910.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered May
10, 1909, reversing a judgment in favor of defendant entered
upon a dismissal of the complaint by the court at a Trial
Term and granting a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*J. K. Long* for appellant. The trial court nonsuited the plaintiff; there was no motion for a new trial; the appeal to the Appellate Division was from the judgment only; the Appellate Division had no jurisdiction to review the facts; its order of reversal on the law and the facts must be reversed by the Court of Appeals and the judgment of nonsuit be restored. (*Collier* v. *Collins*, 172 N. Y. 101; *Alden* v. *Knights of Maccabees*, 178 N. Y. 542; *Allen* v. *C. E. Bank*, 181 N. Y. 282; *Perry* v. *Vil. of Potsdam*, 106 App. Div. 298; *Muratore* v. *Pirkl*, 104 App. Div. 134; *Gillan* v. *O'Leary*, 124 App. Div. 501.) No question of fact arises on an appeal from a judgment of nonsuit either in the Appellate Division or the Court of Appeals. The question is one of law and is reviewable by the Court of Appeals. (*Colt* v. *S. A. R. R. Co.*, 49 N. Y. 671; *N. F. Ins. Co.* v. *Campbell Stores*, 101 App. Div. 401; *Jarvis* v. *Lynch*, 157 N. Y. 447; *Pender* v. *B. H. R. R. Co.*, 173 N. Y. 522; *Riddle* v. *F. S. S. R. Co.*, 173 N. Y. 331; *S. N. Bank* v. *Weston*, 172 N. Y. 254.) The nonsuit was right. The plaintiff had not proved that she had been ousted by defendant from any part of the lands described in the complaint, and had not proved that defendant was or had ever been in possession of those lands. The Appellate Division is clearly wrong in assuming the answer admits possession in defendant of lot 76 or of any land described in the complaint. (*Sheridan* v. *Jackson*, 72 N. Y. 173; *Talbot* v. *Laudheim*, 188 N. Y. 424; *Butler* v. *F. T. Co.*, 186 N. Y. 490; *Taylor* v. *Taylor*, 173 N. Y. 270; *McKeon* v. *See*, 51 N. Y. 305; *Salisbury* v. *Howe*, 87 N. Y. 134; *Sterrett* v. *T. Nat. Bank*, 122 N. Y. 662; *Caponigri* v. *Altieri*, 165 N. Y. 263.)

*John W. Roddy* and *Albert B. Wolf* for respondent. This being an appeal from an order of judgment of the Appellate Division reversing on the law and the facts, this court will not entertain the appeal, and judgment absolute should be ordered on the stipulation. (*Tousey* v. *Hastings*, 194 N. Y. 79; *Van Slyck* v. *Woodruff*, 192 N. Y. 547; *Allen* v. *C. E. Bank*,

181 N. Y. 278–282; *Matter of Mosher*, 185 N. Y. 435; *Beni* v. *Smith*, 161 N. Y. 120; *Snebley* v. *Conner*, 78 N. Y. 218; *Livingston* v. *City of Albany*, 161 N. Y. 602; *Reich* v. *Dyer*, 180 N. Y. 238; *Hirsch* v. *Jones*, 191 N. Y. 195; *Matter of Westervelt*, 163 N. Y. 209.) An action in ejectment is the proper remedy to determine and settle the boundary line between adjoining owners of real estate, where such boundary line is in dispute, each owner claiming title and possession of the land in question. (*Talbot* v. *Laubheim*, 188 N. Y. 421; *Leprell* v. *Kleinschmidt*, 112 N. Y. 364; *Race* v. *Stewart*, 5 App. Div. 598; *Danziger* v. *Boyd*, 120 N. Y. 628; *Seneca Nation* v. *Hugaboom*, 132 N. Y. 492; *Jones* v. *Smith*, 64 N. Y. 180; *Steward* v. *Patrick*, 68 N. Y. 450; *Allen* v. *Welch*, 18 Hun, 226; *Sherman* v. *Kane*, 86 N. Y. 57; *Stanley* v. *Murty*, 134 App. Div. 845.)

CHASE, J. This is an action of ejectment. Upon the trial at the close of the plaintiff's evidence the defendant moved for a nonsuit upon grounds stated at length. The motion was granted and the court said: " Upon the two grounds that the plaintiff has failed to prove that she has been ousted from the possession of said lot (the lot described in the complaint) and on the ground that the plaintiff has failed to prove that defendant was in possession of any part of said lot at the time of the commencement of this action I grant the motion to dismiss the complaint."

The plaintiff duly excepted to the determination of the court and asked to go to the jury upon all of the issues raised by the pleadings. The motion was denied and an exception was taken to such denial. Judgment was entered, and upon appeal to the Appellate Division of the Supreme Court therefrom the judgment was reversed, the order and judgment stating it to be upon the law and the facts, and a new trial was granted, with costs to the appellant to abide the event.

It is urged that because the judgment of the Trial Term was reversed upon the facts as well as the law, this court

has no jurisdiction to hear the appeal. (*Tousey* v. *Hastings*, 194 N. Y. 79; *Van Slyck* v. *Woodruff*, 192 N. Y. 547; *Hirsh* v. *Jones*, 191 N. Y. 195.)

Upon a motion for a nonsuit an issue of law only is presented. The question of law is, whether admitting all the facts presented, and giving to the plaintiff the advantage of every inference that can properly be drawn from the facts presented, an issue of fact is presented for the determination of the jury. (*Second National Bank of Morgantown* . v. *Weston*, 172 N. Y. 250; *Ware* v. *Dos Passos*, 162 N. Y. 281; *Second Nat. Bank of Elmira* v. *Weston*, 161 N. Y. 520; *Witherow* v. *Slayback*, 158 N. Y. 649; *McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 66; *Place* v. *N. Y. C. & H. R. R. R. Co.*, 167 N. Y. 345.)

The case of *Collier* v. *Collins* (172 N. Y. 99) is called to our attention, and it is claimed that it is authority for the defendant's claim that without the entry of an order denying a motion by the plaintiff for a new trial and an appeal therefrom, the Appellate Division had no power to review or reverse the judgment of nonsuit. In the *Collier* case there was no exception to the determination of the court granting the nonsuit, and the appeal was from the judgment only. The court say : " Such an appeal does not permit that court (Appellate Division) to pass upon the weight of evidence, and is in effect a waiver of any further review of the questions of fact. While Appellate Divisions have a wide latitude, which we would be glad to have them exercise more freely, in reversing upon the facts, they have no power to do so, in an action tried before a jury, unless an order is entered denying a motion for a new trial made upon the proper ground and an appeal is taken from the order." (p. 101.)

In *Alden* . v. *Knights of Maccabees* (178 N. Y. 535) this court, referring to the *Collier* case, say : " No exception was taken at the trial to the ruling of the court dismissing the complaint, and no motion for a new trial was made, but the appeal taken from the judgment only. We held that, *because there was no exception*, the Appellate Division was without

power to reverse the judgment, though the nonsuit might have been improper." (p. 542.)

The decision in the *Collier* case in no way affects the other decisions of this court which hold that a nonsuit or direction of a verdict duly excepted to raises a question of law reviewable on appeal from the judgment both in the Appellate Division and in this court. The only question now for determination in this court is a question of law notwithstanding the form of the order of the Appellate Division.

The land, the possession of which is in dispute in this action, is situated in a short block on the south side of Twenty-fourth street (formerly Utica street) in the city of Watervliet. The block is bounded on the west by Seventh avenue (formerly William street) and on the east by a twenty-foot alley. The block of land is divided into four lots, known and distinguished on a certain map of a part of a farm made January 1st, 1847, by George Henry Warren and copied and additions made thereto November 11, 1851, by B. Turner, civil engineer. The four lots are each described as twenty-five feet front and ninety-four feet deep running from Twenty-fourth street to a ten-foot alley. They are numbered from Seventh avenue on said maps as 75, 76, 77 and 78. On the corner of Twenty-fourth street and the twenty-foot alley is a house that has stood there for many years. On the corner of Twenty-fourth street and Seventh avenue is another house that has also stood there for many years. The plaintiff's husband became the owner of lots 75 and 76 by deed dated March 4, 1895, in which said lots are described as being fifty feet on Twenty-fourth street and running to the ten-foot alley, and as being lots 75 and 76 as distinguished on said maps. The defendant became the owner of lot 77 by deed dated May 18, 1886, in which the lot is described as being twenty-five feet on Twenty-fourth street and running to said alley, and as being lot 77 as distinguished on said maps. The distance from the northeast corner of the house on Twenty-fourth street and the twenty-foot alley to the northwest corner of the house on Twenty-fourth street and Seventh avenue

is one hundred and eight feet, being eight feet more than the aggregate stated width of the four lots.   It does not appear whether this excess of land arises from an error in the surveys and maps or whether it arises from one or the other or both of said houses extending over upon the alley or avenue respectively.   There is a house on the defendant's lot, and measuring from the northeast corner of the house at Twenty-fourth street and the twenty-foot alley westerly fifty feet, the defendant's west line would appear to be about one foot westerly of her house; and measuring from the northwest corner of the house on Twenty-fourth street and Seventh avenue easterly fifty feet, the plaintiff's easterly line would appear to be about nine feet west of the defendant's house.   This leaves about eight feet of land over which a controversy has arisen which has resulted in this action.   The plaintiff did not produce said maps or establish the true line of either Seventh avenue or the twenty-foot alley, and the record wholly fails to disclose who has the record title of the eight feet of land in controversy.

A large amount of testimony was offered by the plaintiff in regard to the possession of the eight feet of land, and it is claimed by her that she and her predecessors in title have been in possession of the eight feet of land claiming title thereto for such a length of time as to establish her ownership thereof.   It is unnecessary to review such testimony, because we are of the opinion that the possession that she and her predecessors have had continued in her at the time of the commencement of this action, and for that reason this action cannot be maintained.

For years prior to about 1888 a fence had been maintained from the southwest corner of what is now the defendant's house, southerly to the alley.   So far as appears, the owner of lot 76 then occupied and for some time prior thereto had occupied the land up to the west side of the defendant's house.   A prior owner of lot 76 testified that she obtained a deed of the property in 1889 and took possession up to what is now the defendant's house.   Soon thereafter a fence was

built about one foot west of the defendant's known as the "spite fence." It was fifteen or sixteen feet in length and high enough to prevent the use of the windows in the house. A wire fence was built from the spite fence northerly to Twenty-fourth street, and from said fence southerly to the fence from the corner of the house to the alley, making a continuous fence from Twenty-fourth street to the alley on substantially the line claimed by the plaintiff. When the plaintiff's husband purchased lots 75 and 76 he took possession up to such fence and planted the land with vegetables, flowers and bushes. After his purchase of lots 75 and 76, the fence from the southwest corner of the defendant's house to Twenty-fourth street was taken down and a fence was not maintained west of the house until 1901.

That fence as then erected was a post fence with boards nailed thereon, and it was continued from Twenty-fourth street to the alley. It is unnecessary to refer to the details of the controversy between the parties thereafter until May, 1908. On May 4, 1908, the defendant, without going upon the land in dispute, but while standing upon land confessedly belonging to her, tore the boards off from a part of the fence next to her house. The fence was then rebuilt. The old posts were taken out and new posts were put in and boards nailed thereon, so that the fence again was continuous from Twenty-fourth street to the alley. On May 14, 1908, plaintiff's husband deeded to her lot 76 and she testified that she went into possession up to the fence. It is only what occurred after May 14, therefore, that can justify, if at all, the maintenance of this action to recover possession of said land.

The only acts after May 14, so far as the defendant is concerned, took place on May 20. On that day the fence from Twenty-fourth street along the side of the defendant's house was torn down to the extent of removing the boards therefrom and piling them up between the posts of the fence and the defendant's house. In doing this the defendant and her husband were present but not upon the land in dispute although they directed two men, who, in removing the boards

from the fence, were more or less upon such land.   After this occurrence the fence remained unimpaired from the alley in the rear for forty feet towards Twenty-fourth street, and the fence posts remained undisturbed from the end of such fence to Twenty-fourth street.   On May 22, 1908, this action was commenced.   Plaintiff testified that when the action was commenced neither the plaintiff nor her husband had anything belonging to them on the land in dispute.   She further testified that she was in the possession of lot 76 at the time the action was commenced, and her husband testified that he planted flowers within six inches of the fence during May, 1908, and that the flowers were growing there when the action was commenced, and he further testified that he did not know as the defendant ever came across that fence or interfered in any way with any part of the land in dispute at any time prior to the commencement of the action.

It is claimed that there is an admission in the answer which, notwithstanding the denials therein, is some evidence that the defendant was in fact in possession of the disputed land.

An admission in an answer, notwithstanding a denial therein, can always be taken as some evidence against the person making the admission. (*Talbot* v. *Laubheim*, 188 N. Y. 421.)

Taking all of the answer in this case, however, and the undisputed testimony that we have mentioned, the statement in the answer as to the possession should be treated as an assertion of right and not as an admission of fact.   It was evidently so treated by the court without objection at the time the motion for a nonsuit was made and granted.   The Trial Term was right in holding that the complaint should be dismissed.   Assuming that the plaintiff is right in her claim of ownership of the eight-foot strip, the occurrences of May 20 amounted to a trespass. (*Thompson* v. *Burhans*, 79 N. Y. 93, 99 ; *Butler* v. *Frontier Tel. Co.*, 186 N. Y. 486, 490.)

The defendant did not oust the plaintiff from such posses-

sion of the land as she then had or in any way retain the possession thereof.

The order of the Appellate Division should be reversed and judgment of the Trial Term affirmed, with costs in both courts.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Ordered accordingly.