ALBERT PIERCE, Appellant, *v.* ATLANTIC, GULF AND PACIFIC COMPANY, Respondent.

**Master and servant — negligence — when jury might have found that injury of plaintiff was due to negligent construction of machinery furnished by defendant, trial court should not set aside verdict for plaintiff — when verdict cannot be reinstated upon reversal of judgment dismissing complaint.**

1. On examination of the evidence in an action by a servant against a master for injuries sustained in the course of the employment, *held,* that the jury might reasonably have found that the

14

injury was due to the negligent construction or condition of the machinery furnished by defendant.

2. The trial court reserved decision upon a motion to dismiss and thereafter by its order dismissed the complaint and further set aside the verdict " upon the sole ground that the complaint of the plaintiff is dismissed, and as to every other ground said motion to set aside the verdict and for a new trial is hereby denied." *Held,* that it appears from the course of the trial that the verdict may have been based upon a violation of section 18 of the Labor Law (Cons. Laws, ch. 31) and the facts are such that the plaintiff could not properly invoke that statute; hence the verdict cannot be reinstated by this court upon reversal.

*Pierce* v. *Atlantic, Gulf & Pacific Co.*, 159 App. Div. 258, reversed.

(Argued October 14, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 28, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edgar T. Brackett* and *Harold H. Corbin* for appellant. The trial court erred in holding that section 18 of the Labor Law was not applicable for the reason that the plaintiff was not employed in erecting, repairing or altering a structure, and the defendant did not furnish the derrick for the performance of such labor. (*Walters* v. *Fuller Co.*, 74 App. Div. 388; *Stevens* v. *Stanton Construction Co.*, 153 App. Div. 82; *Muench* v. *Contracting Co.*, 155 App. Div. 409; *Pedersen* v. *Railroad Co.*, 229 U. S. 146; *Colasurdo* v. *Railroad Co.*, 188 Fed. Rep. 832; *Zikos* v. *Navigation Co.*, 178 Fed. Rep. 893; *Caddy* v. *Interborough R. T. Co.*, 125 App. Div. 681; 195 N. Y. 415; *Armenti* v. *Brooklyn Union Gas Co.*, 157 App. Div. 276; *Madden* v. *Hughes*, 104 App. Div. 101.) The defendant is liable at common law irrespective of the Labor Law and the complaint

was improperly dismissed. (*Rilet* v. *McNulty*, 115 App. Div. 650; *Hoggblad* v. *R. R. Co.*, 117 App. Div. 838; *Armenti* v. *Gas Co.*, 142 N. Y. Supp. 420; *Schultes* v. *Waterbury Co.*, 152 App. Div. 416; *Caruso* v. *Troy Gas Co.*, 153 App. Div. 431.)    The defendant's negligence in maintaining the derrick, the mast of which did not stand erect and caused the boom to reverse, was a proximate cause of the injury. (*Scandell* v. *Columbia Const. Co.*, 50 App. Div. 512; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *Sweet* v. *Perkins*, 196 N. Y. 482; *Walters* v. *Fuller Co.*, 74 App. Div. 388; *Chiavaroli* v. *Union Bag & Paper Co.*, 131 App. Div. 372; *Stringham* v. *Stewart*, 100 N. Y. 516; *Johansen* v. *Eastman's Co.*, 44 App. Div. 270; 168 N. Y. 648; *Deegan* v. *Gutta Percha Co.*, 131 App. Div. 101; *Leeds* v. *N. Y. Telephone Co.*, 178 N. Y. 118; *Hartman* v. *Envelope Co.*, 71 Misc. Rep. 30; *Finkle* v. *Bolton Landing Lumber Co.*, 148 App. Div. 500; *Rossiter* v. *Peter Cooper, etc., Co.*, 140 N. Y. Supp. 296.)    If the defendant's negligence and the plaintiff's contributory negligence and assumption of risk were questions for the jury, then it follows that the verdict rendered by the jury should be reinstated or saved for the plaintiff. (*Kozak* v. *Erie R. R. Co.*, 135 App. Div. 726; 202 N. Y. 534; *Antes* v. *Watkins*, 112 App. Div. 860; *Levy* v. *Grove Mills Paper Co.*, 80 App. Div. 384; *Niemoller* v. *Duncombe*, 59 App. Div. 614; *Sullivan* v. *Metropolitan St. Ry. Co.*, 37 App. Div. 491; *Dochtermann V. & E. Co.* v. *Fiss, Doerr & Carroll Co.*, 154 App. Div. 162; 208 N. Y. 577; *Famborille* v. *Atlantic, Gulf & Pacific Co.*, 155 App. Div. 833; 213 N. Y. 667; *Caruso* v. *Troy Gas Co.*, 153 App. Div. 431; 209 N. Y. 510.)

*Charles Irving Oliver* for respondent.    Section 18 of the Labor Law does not apply to this case. (*Bohnhoff* v. *Fischer*, 149 App. Div. 747; *Schapp* v. *Bloomer*, 181 N. Y. 125; *Gombert* v. *McKay*, 201 N. Y. 27; *Grady* v.

*National C. & C. Co.,* .153 App. Div. 401; *Marion* v. *Coon Cons. Co.,* 157 App. Div. 95.) There was no evidence of negligence on the part of the defendant. (*Maue* v. *Erie R. R. Co.,* 198 N. Y. 227; *Nash* v. *Crane,* 141 App. Div. 665; *Kearney* v. *Hanlien,* 149 App. Div. 524; *Stewart* v. *Hinckle Iron Co.,* 141 App. Div. 225; *Mullin* v. *Genesee Co.,* 202 N. Y. 279; *Bovi* v. *Hess,* 123 App. Div. 396; *Palmieri* v. *Pearson & Sons,* 128 App. Div. 231; *Hammond* v. *Union Bag & Paper Co.,* 136 App. Div. 100; *Crown* v. *Orr,* 140 N. Y. 450; *White* v. *Wittemann Lith. Co.,* 131 N. Y. 631.) Plaintiff asks not only that the judgment appealed from be reversed but that instead of ordering a new trial the verdict be reinstated and judgment entered thereon in his favor. This cannot be done. (*Benedict* v. *Arnoux,* 154 N. Y. 715; *Matter of Chapman,* 162 N. Y. 456; *Dixon* v. *James,* 181 N. Y. 129; *Tine* v. *Lehigh Valley R. R. Co.,* 22 App. Div. 588; *Russell* v. *Rhinehart,* 137 App. Div. 843; *Burns* v. *N. Y. & L. I. R. T. Co.,* 139 App. Div. 145; *Paltey* v. *Eagan,* 200 N. Y. 83; *Bonnette* v. *Molloy,* 153 App. Div. 73; *Azzarra* v. *N. E. R. R. Co.,* 134 App. Div. 167; *Branagan* v. *L. I. R. C. Co.,* 28 App. Div. 461; *Miller* v. *King,* 32 App. Div. 389; *Kalfur* v. *Broadway R. R. Co.,* 34 App. Div. 267; *Beller* v. *Levy,* 68 Misc. Rep. 182; *Mullady* v. *Brooklyn R. R. Co.,* 65 App. Div. 551.)

Collin, J. The action is by a servant against his master to recover damages for personal injuries. The trial court dismissed the complaint. We are to determine whether or not the evidence presented an issue of fact; in reviewing it we must give the plaintiff the advantage of all the facts properly presented and of every favorable inference that can reasonably be drawn. (*Kraus* v. *Birnbaum,* 200 N. Y. 130; *Pinder* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 519.)

The cardinal facts are: The work which the defendant was prosecuting and in which the plaintiff was aiding

was, transferring coal, situate about fifty feet westerly of a point of the barge canal, to a boat in the canal. The coal was shoveled into boxes, and as a box was filled it was attached to the hook and cables passing over the end of the boom ·of a derrick, which stood between the coal and the boat, was raised by the derrick to the height of about fifteen feet from the ground, then swung by the derrick to a point over the boat and then lowered and emptied. The plaintiff, after he had helped fill a box with coal, gave the engineer controlling the engine supplying the motive power and the derrick the signals for raising the box and swinging the boom and box. Upon the occasion under review, the plaintiff standing by the loaded box upon the ground signaled the engineer, who complied, to raise it, then to swing it toward the boat, which the engineer did; when the box had moved easterly about fifteen feet, the plaintiff turned his back toward it and in a brief space of time, stated as a few seconds and as half or three-quarters of a minute, the boom and loaded box returned to where he stood, the box being at the height of his shoulders, which it struck, causing him serious injuries. The plaintiff alleged that the return of the box was caused by a defective and unsafe construction or condition of the derrick chargeable to the negligence of the defendant.

The plaintiff asserted upon the trial and now asserts the liability of the defendant upon either the principles of the common law supplemented by the provisions of section 18 of the Labor Law (Cons. Laws, ch. 31) or the principles of the common law only. We state, without discussion, that the section 18 is not apposite to the facts either as admitted by the pleadings or as proven.

There was, however, evidence tending to show the negligence, at common law, of the defendant. The witness, Posar, gave testimony tending to prove that the bull wheel of the derrick was not level, that its western side or margin was lower than its eastern side. It was

proven that the mast was rigidly attached, by means of connecting timbers, to the bull wheel which was constructed horizontally around the base of the mast; that the revolving of the bull wheel, by means of a cable within its grooved circumference and proceeding from the drum of the engine, caused the boom, through the turning of the mast with the bull wheel, to swing in the direction of its revolution. There was evidence permitting the jury to find that the boom, if unopposed by the motive power, would, because of the slope of the bull wheel and the consequent leaning of the mast, seek a state of rest over the lowest part of the bull wheel, that is, if swung to the east would, unless restrained, voluntarily return or drift to the west. There was evidence also that such condition of the bull wheel and mast had existed for a considerable period of time, was known to the superintendent of the defendant, and resulted from the construction of the derrick or the manner or place in which it was located. The jury might reasonably have found that the defendant was negligent of its duty of furnishing to the plaintiff and his co-employees and maintaining the derrick in a reasonably safe and proper condition. Whether there was any evidence that the negligence of the defendant in the respect stated, if found to exist, was a cause of the injuries to the plaintiff is a question difficult to determine.

Inasmuch as we have, however, decided, though with hesitation, that the negligence of defendant, if found, might legally be deemed by a jury an efficient cause in effecting the injuries to the plaintiff, and that a new trial must be granted, it is neither necessary nor useful that a full statement of our analysis of the evidence be made. Manifestly, under the evidence, the motive power applied to the bull wheel at the instant of time half or three-quarters of a minute, or thereabouts, just prior to the striking of the plaintiff by the box, was sufficient to move the boom eastwardly. Witnesses, who were employees of the defendant at the work, gave testimony in behalf of

the defendant tending to prove that it was physically
impossible for such power to diminish, or the steam pro-
ducing it to become exhausted within a minute or several
minutes to an extent which would permit the boom to
drift westwardly, and that the return of the boom, as
well as the lowering of the box, was caused by a reversal
of the motive power by the engineer. Testimony in
behalf of the plaintiff tended to show, however, and per-
mitted the jury to find, that the boom had just prior to
the accident drifted back in a similar way under " a little
steam," although the power moving it eastwardly was
not reversed. The testimony tended to prove that the
power, on the occasion in question, was not reversed
or the steam turned off, and that if the steam was
insufficient the boom would return without a reversal of
the power; that the heavier the loaded box the more
quickly and rapidly it would do so; that this trans-
fer was the last for the day; that if the engineer did
not reverse the power or turn off the steam, thereby caus-
ing or permitting the return of the boom, its return was
caused by the negligent construction or condition of the
derrick. There was no evidence as to pressure or volume
of steam at this time. The evidence made it possible for
a jury to find, within reason, that the return was due
to the negligent construction or condition of the derrick.

The box would not have struck the plaintiff if it had
not returned, and if it had not been lowered from its
height of about fifteen feet. These acts — the return of
the box and the lowering of the box — concurred in
causing the injuries. That its lowering was caused by
the engineer, for whose act the defendant was not liable;
because he was a fellow-servant of the plaintiff, is not
disputed. The return was chargeable on the negligence
of the defendant in case it was caused by the faulty con-
struction or placing of the derrick. The return was an
efficient cause of the injuries, and if it came to pass
through the negligence of the defendant, the defendant

is liable to the plaintiff. If one of co-operating causes of injuries to a servant was such through the negligence of the master, the master, in the absence of contributory negligence on the part of the servant or a legal defense, is liable to the servant for his damages. (*Stringham* v. *Stewart*, 100 N. Y. 516; *Coppins* v. *N. Y. C. & H. R. R. R. Co.*, 122 N. Y. 557; *Sweet* v. *Perkins*, 196 N. Y. 482.)

Another matter merits the expression of our opinion. At the close of the entire evidence the defendant requested the trial court to dismiss the complaint upon expressed grounds. The court reserved the decision and required the submission of the evidence to the jury, who returned a verdict in favor of the plaintiff. Thereupon the court stated he was going to consider the motion of the defendant to dismiss the complaint. The defendant then moved upon the usual grounds to set aside the verdict and for a stay, to which the court responded: "If I deny the motion you may have a stay." Subsequently the court by its order dismissed the complaint, and, further, set aside the verdict "upon the sole ground that the complaint of the plaintiff is dismissed, and as to every other ground said motion to set aside the verdict and for a new trial is hereby denied." The appellant urges here that in case we reverse the judgment we should reinstate the verdict. This we cannot do. From the record and the briefs it appears that the verdict may have been based upon the finding that a violation of section 18 of the Labor Law constituted the negligence of defendant. As already stated, the facts here did not permit the plaintiff to invoke that statute and the verdict cannot lawfully rest upon a violation of it.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment reversed, etc.