Per Curiam.

The action was brought by plaintiff, the widow of Elmer S. Anderson, deceased, against the defendant individually and as executrix of the last will and testament of Elmer S. Anderson, deceased, to set aside a quitclaim deed executed by plaintiff on May 5, 1938, conveying her interest in certain premises, at that time owned by plaintiff and deceased as tenants by the entirety, on the ground that such execution was obtained by fraud and duress. The answer denies all the allegations of the complaint alleging that the execution was *451 procured by fraud or duress and also sets up the Statute of Limitations as a bar to the action. Plaintiff’s proofs were based solely on duress. At the close of plaintiff’s case a motion was granted over defendant’s objection to amend the complaint to include a demand that the separation agreement executed by plaintiff and deceased on May 5,1938 “ be declared to be fraudulent, and void through fraud and duress.”
It appears from the record that plaintiff and deceased were married August 5, 1903, and adopted a daughter, then about ten years of age, in 1923. In 1934, a mortgage was given on the premises which is the subject of this litigation, to the Home Owners Loan Corporation in the sum of $3,122. In 1937, or prior thereto, differences had arisen between plaintiff and deceased and he left their home and went to live at the home of the defendant. Plaintiff consulted several attorneys concerning these matrimonial difficulties. On May 5, 1938, after negotiations had been conducted for some period of time, the deed and separation agreement were executed. Plaintiff had discussed the matter with the attorney who represented her at the time the deed and agreement were executed on several occasions prior to May 5, 1938. He was not called as a witness at the trial.
Deceased died November 11, 1946. His will which was admitted to probate on January 13, 1947, named the defendant as executrix and she was the residuary legatee. It does not appear that plaintiff filed objections in the probate proceedings.
On the trial, plaintiff was permitted to testify on redirect examination, over objection of defendant’s counsel, to personal conversations with the deceased and particularly to threats he had made against her prior to the execution of the agreement and deed on theory that the cross-examination had made this evidence admissible. In this, we think the court erred. The cross-examination did not relate to personal conversations between plaintiff and deceased.
The testimony of three of the witnesses called by plaintiff related to conversations with the deceased just prior to the execution of the deed and agreement quoting deceased as making threats of bodily harm to plaintiff if she failed to sign those papers. Another witness testified to having read two letters written by deceased to plaintiff in April, 1938, containing similar threats. This type of evidence has always been looked upon with suspicion by the courts. In Matter of Buckler (227 App. Div. 146, 149) this court said: “ The rule is well settled that statements and admissions of a deceased person should be *452 acted upon with caution, and should he scrutinized with care. Such evidence has universally been considered weak and unreliable.”
A case often cited concerning testimony of this character is Lea v. Polk Co. Copper Co. (21 How. [U. S.] 493, 504) in which the court briefly stated the rule: 1 ‘ courts of justice lend a very unwilling ear to. statements of what dead men had said.” (See, also, Tousey v. Hastings, 194 N. Y. 79, and Hamlin v. Stevens, 177 N. Y. 39.)
We reach the conclusion that the competent evidence, having probative value, produced by the plaintiff was far from sufficient to permit the court to determine that this deed and separation agreement, signed as they were by this plaintiff after consultations with competent counsel, were executed by reason of duress practiced upon her by the deceased.
The judgment should, therefore, be reversed on the law and facts, with costs, and the complaint dismissed, with costs.
All concur. Present — Taylor, P. J., MoCuru, Love, Vaughau and Piper, JJ.
Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact disapproved and reversed. [See post, p. 1057.]