ROBERT M. HILL, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 31285.)

FERRIGAN, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 31286.)

Third Department, May 10, 1956.

*William F. Conway* and *Kenneth S. MacAffer, Jr.,* for appellants.

*Jacob K. Javits, Attorney-General (Alexander Gangel* of counsel), for respondent.

FOSTER, P. J. These claims, laid in negligence, were tried together before the Court of Claims. At the conclusion of the claimants' proof, and upon the motion of the State, each claim was dismissed. The State put in no proof, nor did it rest its case upon the claimants' evidence in the accepted sense of that term. It relied solely upon its motion to dismiss, which obviously involved only propositions of law. The truth of claimants' evidence must therefore be assumed and they are entitled to the advantage of every reasonable inference that can be drawn from the facts proven. Such is the law in jury cases (*Kraus* v. *Birnbaum,* 200 N. Y. 130) and it applies equally to cases tried before a court without a jury (4 Carmody on New York Practice, § 1379).

The issues therefore are whether claimants' evidence was insufficient as a matter of law to establish a prima facie case of negligence against the State and their own freedom from contributory negligence.

The claims arise out of a highway accident which happened when a trailer-truck, owned by claimant Ferrigan, Inc., and operated by the claimant Hill, collided with a State-owned truck. The collision occurred at an underpass where there is an access drive from State highway number 9 to highway number 9A. The driver of the trailer-truck was attempting to get on Route 9A. As he proceeded on the access drive and swung with the curve of the road to the underpass, at a speed of approximately 25 miles an hour, he saw a passenger car at rest on the left lane of the highway ahead of him with its front end beneath the underpass. The sun was shining over the underpass and he did not see any

other vehicle, but one was there. He touched his brakes and swung to the right to avoid colliding with the passenger car and crashed into a dump truck, owned by the State, which, for at least one half its width, was parked on the right lane of the highway near the underpass somewhat concealed by the shadow therefrom. The passenger car had collided with the same truck a short time before.

There were no signs on or near the highway to indicate that men were working at the site or that a truck was partially parked on the roadbed. Despite the fact that a previous accident had happened some time before none of the State employees were sent back along the highway to warn approaching drivers that the road was partially blocked.

The employees of the State were apparently loading or about to load the truck with cinders from a stock pile near the underpass. No emergency of any kind was shown to justify parking the truck partially on the highway at that point, and if repairs to the highway were contemplated they were not to be performed at that site. But in any event it was a fair factual question as to whether the employees of the State were negligent in failing to provide any warning of the presence of the truck in the shadow of the underpass, where, due to the conformation of the highway and lighting conditions, drivers of approaching vehicles might not be able to see it in time to avoid a collision. Furthermore no reason was shown why in the exercise of reasonable care the State truck should not have been moved after the first accident in view of the fact that the disabled passenger car was blocking a part of the highway.

By much the same process of reasoning we think it must be said that whether the driver of the trailer-truck was guilty of contributory negligence is also a question of fact. The total weight of his vehicle was over 30 tons and as he rounded the curve the sight distance to the vehicles ahead was only between 30 to 35 yards. Whether he could have stopped in time to avoid a collision is a question, but not a question of law. It may be found that his attention was diverted to the disabled passenger car and that decisive moments were lost by that diversion. Apparently he did not see the State truck at all prior to the collision, and that is the strongest proof of contributory negligence against him, but in view of the position of the truck in the shadow of the bridge, camouflaged as it may have been by sunlight and shadows, this issue is not one of law either. On this record he is entitled to the most favorable inferences that can be drawn from the situation, and such inferences preclude a finding of contributory negligence as a matter of law.

The orders of dismissal should be reversed, with costs, and new trials directed.

BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Orders of dismissal reversed, on the law and facts, with costs, and new trials directed.