■ JENNIE TELLES, Respondent, v. MANHASSET MEDICAL CENTER HOSPITAL, INC., Appellant.— In an action to recover damages for personal injuries sustained as the result of negligent care of plaintiff while she was a patient in defendant's hospital, defendant appeals from a judgment of the Supreme Court, Queens County, entered January 21, 1966, on the verdict of a jury in favor of plaintiff for $75,000.  Judgment reversed on the facts and new trial granted, with costs to abide the event.  In our opinion, the verdict was not only against the weight of the evidence on the issue of liability, but was also excessive.  Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.

■ WILBURT TUCKER, SR., Plaintiff, v. SHIRLEY G. PENN, Individually and as Administratrix of the Estate of HARRY PENN, Deceased, Defendant. (Action No. 1.)  SHIRLEY G. PENN, Individually and as Administratrix of the Estate of HARRY PENN, Deceased, Appellant, v. WILBURT TUCKER, Defendant, and NEIL T. BROWN, Respondent (Action No. 2.) — In consolidated actions to recover damages for personal injuries (Action No. 1) and for wrongful death and conscious pain and suffering (Action No. 2), the plaintiff in Action No. 2 appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County, entered May 25, 1964, upon the court's dismissal of the complaint as against the defendant Brown at the close of the entire case. Judgment insofar as appealed from reversed on the law and a new trial granted as between Penn and Brown, with costs to appellant to abide the event.  No questions of fact have been considered.  In our opinion, appellant established a prima facie case against the defendant Brown (cf. *Noseworthy* v. *City of New York*, 298 N. Y. 76, 80; *Kraus* v. *Birnbaum*, 200 N. Y. 130, 133; Decedent Estate Law, § 131), and her complaint should not have been dismissed as against the defendant Brown.  Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.