MINNIE F. HIRSCH, Individually and as Executrix and Trustee, under the Will of FERDINAND HIRSCH, Deceased, Appellant, *v.* EDWARD K. JONES, Individually and as Executor and Trustee under the Will of FERDINAND HIRSCH, Deceased, et al., Respondents, Impleaded with Others.

1. APPEAL — WHEN REVERSAL BY APPELLATE DIVISION ON QUESTION OF FACT PRECLUDES THE COURT OF APPEALS FROM ENTERTAINING AN APPEAL. Under the constitutional limitation, the Court of Appeals has no jurisdiction to hear an appeal from a determination of the Appellate Division reversing the judgment of a trial court, in a civil action, upon questions of fact or of both law and fact, provided there is any material question of fact in the case, but the jurisdiction of the Court of Appeals is not controlled by the certificate of the Appellate Division that they reversed on the facts, unless the evidence shows that there actually was a question of fact, which arises directly when there is a conflict in the evidence and indirectly when there is no conflict, but diverse inferences may be drawn from the undisputed facts.

2. SAME — EVIDENCE EXAMINED AND HELD TO PRESENT QUESTIONS OF FACT ON WHICH THE APPELLATE DIVISION MIGHT PROPERLY REVERSE A JUDGMENT. The evidence in a stockholder's action to compel the trustees of a manufacturing corporation to account for moneys alleged to have been misappropriated, and to restrain them from paying out corporate funds in violation of law, examined, and *held*, to present questions of fact as to the good faith of the trustees in certain acts and as to the reasonableness of allowances made to an officer of the company for expenses claimed to have been incurred while traveling on corporate business, on which the Appellate Division might properly reverse the judgment of the trial court and grant a new trial, thereby precluding the Court of Appeals from entertaining an appeal from the order of reversal.

*Hirsch* v. *Jones*, 115 App. Div. 156, appeal dismissed.

(Argued January 28, 1908; decided February 18, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 12, 1906, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lemuel E. Quigg, Charles F. Bostwick* and *George Thoms* for appellant. The statement in the order of reversal of the Appellate Division that it was reversed on the facts and the law is not conclusive upon this court, and this court will look into the record to ascertain the truth in this regard. (*Otten* v. *M. R. Co.*, 150 N. Y. 395; *Edson* v. *Bartow*, 154 N. Y. 217; *Hirschfeld* v. *Fitzgerald*, 157 N. Y. 166; *Griggs* v. *Day*, 158 N. Y. 1; *Health Dept.* v. *Dassori*, 159 N. Y. 245; *Bini* v. *Smith*, 161 N. Y. 121; *Steinway* v. *Steinway*, 163 N. Y. 183; *B. & L. L. Co.* v. *B. L. & I. Co.*, 165 N. Y. 247; *Kane* v. *City of Yonkers*, 169 N. Y. 392; *E. R. R. Co.* v. *Steward*, 170 N. Y. 172.) Since the facts in the case were all of them undisputed, the defendants putting in no evidence whatever, there could have been a reversal upon the facts only in the event that they were susceptible of inferences that conflicted with the inferences drawn by the trial court. But inferences must be drawn, whether by the trial court or the appellate court, in accordance with law. In this case all the evidence having been supplied by the company's books under defendants' control or by admissions wrung upon the witness stand from defendants themselves called as plaintiff's witnesses, adverse, hostile and reluctant, the inferences that were to be lawfully drawn must have been altogether in plaintiff's favor, and no inferences favorable to defendants were proper, reasonable or lawful since the assumption must be that they went in their testimony just as far in their own favor as they could have gone. (*Becker* v. *Koch*, 104 N. Y. 394; *Becker* v. *City of New York*, 170 N. Y. 219.)

*Edward W. Hatch* and *Joseph P. Nolan* for respondents. The Appellate Division having reversed the judgment of the trial court upon the facts and the law, this court has no jurisdiction to review the order appealed from. (*Matter of Totten*, 179 N. Y. 112; *P. S. Co.* v. *G. E. L. & P. Co.*, 181 N. Y. 85.)

*Per Curiam.* This is a representative action brought by the plaintiffs as stockholders in a manufacturing corporation to compel the trustees thereof to account to the company for moneys alleged to have been misappropriated by them and to restrain them from paying out corporate funds in violation of law. The trial at Special Term resulted in separate judgments in favor of the company against the defendant Jones for $70,491.18, and against the defendant Ludwig for $8,305.31, and a joint judgment against the defendants Jones, Ludwig and Kopf for $59,040.97. Upon appeal to the Appellate Division the judgments were reversed " upon questions of fact and of law and a new trial ordered, with costs to the appellants to abide the result of the final judgment in the action." The plaintiffs appealed to this court, stipulating, as the statute requires in such cases, that if the order of reversal should be affirmed, judgment absolute should be entered against them in favor of the respondents.

Our jurisdiction to hear the appeal was challenged at the outset. We have repeatedly held that when a judgment of the trial court is reversed by the Appellate Division upon questions of fact, or of both fact and law, we have no power to hear the appeal, provided there was any material question of fact in the case, for our jurisdiction in civil cases is expressly limited by the Constitution to the review of questions of law. Except in capital cases, we have no power to review the facts or to pass upon the weight of evidence, for that is the exclusive function of the Appellate Division and its judgment is final as to such questions. The learned counsel for the appellants concedes that this is the law, but insists that the Appellate Division had no power to reverse upon a question of fact, because there was no question of fact. Our jurisdiction is not controlled by the certificate of the Appellate Division that they reversed on the facts, unless the evidence shows that there actually was a question of fact, which arises directly when there is a conflict in the evidence and indirectly when there is no conflict but diverse inferences may be drawn from the undisputed facts. Cases are of fre-

quent occurrence where no witness disputes another in any respect, yet a question of fact arises whenever men of good judgment and honest intentions may differ as to the ultimate conclusion. When facts proved without dispute require the exercise of reason and judgment, so that one reasonable mind may infer that a controlling fact exists and another that it does not exist, there is a question of fact. (*Matter of Totten*, 179 N. Y. 613, 617.)

Substantially all the evidence in this case, except such as was in writing, came from the defendants who were sworn as witnesses for the plaintiffs. Among the leading facts are the following: The Ferdinand Hirsch Company is a domestic corporation organized in 1890 to manufacture and sell cigars. For some years prior to incorporation the business was owned by Ferdinand Hirsch, who was the president and chief stockholder until he died on the 13th of July, 1901. He left a will by which he gave to Minnie F. Hirsch, his executrix, and Edward K. Jones, his executor, 1,884 out of the entire 2,500 shares of stock, in trust for the benefit of his widow and children, with authority to continue his investment in the stock of the company as long as they deemed it advisable. The trustees of the corporation were five in number including the defendants Jones and Ludwig. The will was proved on the 31st of July, 1901, and on the 5th of August following Jones was elected president and his salary fixed at $12,000 per year, which was the same that his predecessor had received most of theltime and less than he received part of the time. At the same time the salary of Ludwig, who as secretary and treasurer had until then received $40 per week, was increased to $60 and subsequently to over $4,000 per year. On the same day Kopf, a clerk in Jones' law office, was elected trustee in the place of Mr. Hirsch, and thereafter Jones, Ludwig and Kopf were the active trustees and of the two remaining, one was a resident of Cuba and the other engrossed in his own affairs.

On December 31st, 1901, Jones received from the corporation the sum of $10,093.79 for legal services alleged to have

been rendered to the company by him individually between July 14th and December 31st, 1901, and on December 31st, 1902, he received the further sum of $5,000 for like services. All this money was paid him in addition to his salary of $12,000 per year as president, which amounted to $41,000 during the period involved herein.   Between June 25th and September 3rd, 1902, Jones received from the company the sum of $3,703.75 for traveling expenses alleged to have been incurred while traveling on corporate business.   Prior to the 13th of July, 1903, Jones and Mrs. Hirsch, as trustees under the will, borrowed the sum of $51,000 from the corporation and used the same to protect stocks held on margin by Mr. Hirsch at the time of his death, but evidence was given tending to show that it had been repaid before the commencement of this action.   Between the 5th of August, 1901, and the 4th of January, 1905, Ludwig received from the company the sum of $7,120, alleged to be in excess of the lawful salary to which he was entitled.   The various judgments rendered by the trial court were for these sums, with interest added.

A mere glance at the evidence shows that a question of fact arose as to several of these items, although there was no direct conflict in the testimony of the various witnesses.   For instance, the recovery against Ludwig depended on the question whether the trustees of the corporation acted in good faith in increasing his salary from time to time.   On the one hand there was evidence tending to show a conspiracy between Jones, Ludwig and Kopf to defraud the company, but it was not so conclusive as to compel the conclusion that it existed.   On the other hand, it was conceded, and the trial court found, that Mr. Hirsch, not long before his death, had promised Ludwig, who enjoyed his entire confidence, that his salary should be increased so as to equal that of his predecessor in the office of secretary and treasurer, which was $4,500 or $380 more per annum than the amount to which Ludwig's salary was increased.   He performed the same duties and there is neither evidence nor finding that his services were not worth $4,120 per year, which is the amount to which

his salary was gradually increased by vote of the directors in due form. The business of the company was prosperous and if the directors increased his salary in good faith he was entitled to it. Under these circumstances the good faith of the directors was so obviously a question of fact as to exclude serious discussion. (*Bosworth* v. *Allen,* 168 N. Y. 157.)

Passing by the amount paid to Jones for services alleged to be legal, but which apparently were partly executive, while he was receiving a large salary as president, we will briefly consider the sum of $3,703.75 paid him for traveling expenses alleged to have been incurred while he was abroad for two months on the business of the company. Assuming, as the evidence tends to show, that the business transacted by him during his trip to Europe was executive in character and in no sense legal, still if the directors acted in good faith in authorizing him to go and he acted in good faith in going, he was entitled to his reasonable traveling expenses. While it may well be that he was not entitled to sixty dollars a day, which was about the rate charged, still he may have been entitled to something. Here again good faith is a question of fact and what amount would be a reasonable allowance for his expenses is also a question of fact. The trial court allowed him nothing.

We have mentioned these two items of the recovery, which involve allegations of fraud, bad faith and reasonable allowance, simply to illustrate the subject. There are other questions of fact in the case, but we need not refer to them, for even if there was but one material question of fact the action of the Appellate Division in reversing the judgment and granting a new trial cannot be reviewed by us.

Ordinarily an appeal such as the one before us would not be dismissed, but the order would be affirmed and judgment absolute rendered against the plaintiffs on their stipulation. The action of their counsel deserves that course, and if his interests alone were to be considered we should affirm the order without hesitation. We shrink from doing so, however, under the peculiar circumstances of this case lest the

rights of his clients should be irretrievably lost.   After pro-
longed discussion we have decided by the vote of a majority
to dismiss the appeal, with costs, and judgment is ordered
accordingly.

VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur;
CULLEN, Ch. J., GRAY and HAIGHT, JJ., vote for affirmance
and judgment absolute.

Appeal dismissed.