*277
 
 Miller, J.
 

 The plaintiff constructs cement sidewalks. The defendant’s charter requires property owners to build and maintain walks in front of their premises. It also provides:
 

 “
 
 In case any sidewalk shall be paved or curbed, by the owner, with stone, or any other material other than wood, approved by the commissioner of public works, and such walk or curb being built for the first time, one-half the cost of such paving or curbing, exclusive of the cost of grading, shall, subject to the limitations in the next section provided, be paid by the city, but in no case shall the entire cost of such walk exceed two dollars per square .yard for the purpose of fixing the amount to be paid by the city; and before any such payment shall be paid by the city, the city engineer shall furnish to the commissioner of public works a certificate that said walk or curb is laid or set upon the established grade and line as given by him and is of such proper materials as shall have been authorized to be used by the city for such purposes. Before any walks shall be laid or curbs set, under the provisions of this section, application shall be made to the commissioner of public works by the owner, for permission to construct such walk or curb, and the commissioner shall examine into the necessity therefor before granting a permit for such construction, and in case he deems such construction at that time unnecessary, he may withhold such permit.” (Laws 1901, chapter 151, section 118.)
 

 The defendant prepared a blank form of application and permit containing specifications for stone and cement walks. By direction of its commissioner of public works the following provision was stamped in red ink on the top of the first page of all blanks given out, viz.:
 

 “
 
 This permit is granted upon the express condition that the entire cost of the sidewalk shall not exceed ninety cents per square yard for five foot wide sidewalk and one dollar per square yard for six foot wide sidewalk, for the purpose of fixing the amount to be paid by the city. ”
 

 
 *278
 
 The plaintiff procured blanks thus stamped and took them to his assignors, two property owners, to be signed. His attention was called by the latter to the rubber stamp provision, but he said the city could pay two dollars per square yard under the charter. He made a contract with said owners to construct walks in front of their premises for twelve cents per square foot, and having done the work obtained assignments of the owners’ claims against the defendant for the half which it was to pay. Claims were presented to the city comptroller, the defendant’s auditing officer, who allowed them at ten cents a square foot. The question involved in this action is whether the rubber-stamp provision was effectual to limit the defendant’s liability. The walks in question had a so-called “granite finish.” The specifications attached to the application did not require that finish and walks without it could be and were built for ten cents a square foot.
 

 Application for a permit to construct a walk had to be made to the commissioner of public works. The latter was required not only to determine the necessity for the new walk but also to approve the material of which it was to be constructed. Reasonably construed, the provision for approval does not mean that the authority of the commissioner should be limited to a choice, for example, between stone and cement. The desirability of a concrete walk depends on the kind and proportion of cement, gravel and sand used and on the way they are mixed. The power to approve the material involved the po\yer to make the specifications and to determine the kind of concrete or cement walk to be built and as incidental to that the cost. A satisfactory walk could be built for ninety cents or one dollar per square yard. The charter provision limited the cost to two dollars per yard. But that provision did not mean that the owner and the contractor were at liberty to contract for a walk at any cost up to two dollars per square yard and that the city must pay one-half the cost thereof. The commissioner
 
 *279
 
 approved a ten-cent per foot walk without the granite finish. If the owner wished the extra finish, it was for him to pay for it.
 

 Moreover, if it he assumed that the power of the commissioner was limited to determining whether the walk should be built of stone, concrete or some other material other than wood and that the property owner was entitled to an unconditional permit to build of specified materials as expensive a walk as he pleased up' to two dollars per square yard, the undisputed evidence shows that that right or privilege was waived. The owner knowingly made an application and accepted a permit with a condition attached that the walk was to cost but ten cents per square foot. On that condition he built the walk. He was not entitled to a claim against the defendant unless he procured the permit which the commissioner was not bound in any event to grant. The acceptance of a conditional permit then was a waiver of the right, if it existed, to have one with no condition as to cost attached. Waiver depends, not on contract or estoppel, but on the intention of the party against whom it is asserted, and any provision of law intended for a party’s benefit may he waived by him.
 
 (Phyfe
 
 v.
 
 Eimer,
 
 45 N. Y. 102;
 
 Draper v. Oswego Co. Fire Relief Assn.,
 
 190 N. Y. 12;
 
 Clark
 
 v.
 
 West,
 
 193 N. Y. 349.) If the owner did not wish the conditional permit, he should not have accepted it. His intention must be determined by his unequivocal act of acceptance, not by some undisclosed mental reservation. No permit was obtained imposing an obligation on the city to pay more than ninety cents or one dollar per square yard of walk constructed.
 

 The judgment should he reversed and a new trial granted, costs to abide event.
 

 Willard Bartlett, Oh. J., Werner, Hiscook, Oirodeback and Oardozo, JJ., concur; Hornblower, J., absent.
 

 Judgment reversed, etc.