ALSENS AMERICAN PORTLAND CEMENT WORKS, Appellant, *v.* DEGNON CONTRACTING COMPANY, Respondent.

*Waiver* — definition thereof — when question of law and when question of fact — facts examined and held that question whether plaintiff waived its rights on contract of sale was for the jury and not for the court.

1. A waiver is an intentional abandonment or relinquishment of a known right or advantage, which, but for such waiver, the party might have enjoyed. It is the voluntary act of the party not requiring or depending upon a new contract, new consideration or estoppel.

2. When a waiver is proved by the express declaration of the party or by undisputed acts or language so that there can be no reasonable inference to the contrary, then the waiver is established as a matter of law. Where the evidence of intention permits differing inferences and the facts do not directly, unmistakably or unequivocally establish it, then it is for the jury to determine from the facts as proved, or found by them, whether or not the intention existed.

3. The parties herein entered into a contract for the sale by the plaintiff to the defendant of a certain number of barrels of cement at a fixed price per barrel to be ordered by defendant before a designated date. Between that date and a day about two months later the defendant ordered of and received from plaintiff several hundred barrels, which plaintiff claims were not sold under the contract, not having been ordered before the designated date, and demands payment at the market value thereof at the time of delivery. Defendant concedes that it was bound by the contract to order for shipment the total amount of barrels stipulated in the contract before the date therein fixed in order to avail itself of its terms, but asserts that this

stipulation was, as matter of law, waived by the acts of the plaintiff so that it is entitled to the contract price only. The trial court directed a verdict for the plaintiff based upon the contract price per barrel upon the ground that there was an express waiver by plaintiff. *Held*, error; that the question whether or not the plaintiff waived the default of the defendant was a question of fact, and that the evidence throughout was of an inconclusive or equivocal nature and furnished only grounds of inference and deduction, which it is the appropriate province of a jury only to consider.

*Alsens American Portland Cement Works* v. *Degnon Contracting Co.*, 166 App. Div. 922, reversed.

(Argued October 15, 1917; decided November 27, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 18, 1915, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Arthur A. Michell, David L. Podell* and *Jacob Podell* for appellant. It was a question for the jury whether the acts of alleged waiver constituted a waiver of the time limit. (Abbott's Civil Jury Trial [3d ed.], 609; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Smith* v. *Alken*, 102 N. Y. 870; *Smith* v. *Brady*, 17 N. Y. 173.)

*Charles Adkins Baker* and *H. Aaron* for respondent. The acceptance of orders under the contract in the middle and end of March and in April, 1913, constitute as matter of law a waiver of the time provision of the contract of May, 1909. There was nothing to submit to the jury concerning the existence of this waiver. (*Taylor* v. *Goelet*, 208 N. Y. 253; *St. Regis Paper Co.* v. *Santa Clara Lumber Co.*, 186 N. Y. 89.)

COLLIN, J. The action is to recover the purchase price, at the rate of one dollar and sixty-two cents per barrel, of cement sold by the plaintiff to the defendant.

The trial justice directed a verdict based upon the purchase price of one dollar and forty-one cents per barrel. A question to be determined, under proper exceptions, is whether or not there was any evidence creating a question of fact to be submitted to and determined by the jury.

The evidence is free of contradiction. The undisputed facts, briefly and adequately stated, are: In May, 1909, the parties entered into a contract, which provided for the sale by the plaintiff to the defendant of one hundred and seventy-five thousand barrels of cement, to be totally ordered for shipment by the defendant before March 1, 1913, at the price of one dollar and forty-one cents per barrel. On March 1, 1913, there remained unordered for shipment thirty-six thousand barrels. Between March 1, 1913, and May 8, 1913, the defendant ordered of and received from the plaintiff nineteen hundred barrels. Throughout that period the market value was one dollar and sixty-two cents per barrel. The plaintiff by this action claims that the nineteen hundred barrels were not sold under the contract and should be paid for (except the first two shipments) at the market value; the defendant claims that the sale was within the contract and the plaintiff should be paid one dollar and forty-one cents per barrel.

The defendant rightly concedes that the defendant was bound by the contract to order for shipment before March 1, 1913, the total amount of one hundred and seventy-five thousand barrels and after that date the plaintiff was free to refuse to make any delivery under the contract. It asserted at the trial and asserts here that the stipulation of the contract thus binding it was, as a matter of law, waived by the acts of the plaintiff. Therein it errs. Under the evidence, whether or not there was a waiver on the part of the plaintiff was a question of fact determinable by the jury.

In reversing the judgment and granting a new trial, we may not with propriety attempt to define the effect due, in our opinion, to any part of the evidence. A waiver, not express, found in the acts, conduct or language of a party, is rarely established as a matter of law rather than as a matter of fact. This conclusion inheres in its nature and character. A waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed. It is the voluntary act of the party and does not require or depend upon a new contract, new consideration or an estoppel. It cannot be recalled or expunged. (*Hotchkiss* v. *City of Binghamton,* 211 N. Y. 279; *Clark* v. *West,* 193 N. Y. 349; *Draper* v. *Oswego Co. Fire Relief Assn.,* 190 N. Y. 12; *Zwietusch* v. *Luehring,* 156 Wis. 96.) It is essentially a matter of intention. Negligence, oversight or thoughtlessness does not create it. The intention to relinquish the right or advantage must be proved. Occasionally it is proved by the express declaration of the party, or by his undisputed acts or language so inconsistent with his purpose to stand upon his rights as to leave no opportunity for a reasonable inference to the contrary. Then the waiver is established as a matter of law. Commonly, it is sought to be proved by various species of proofs and evidence, by declarations, by acts and by non-feasance, permitting differing inferences and which do not directly, unmistakably or unequivocally establish it. Then it is for the jury to determine from the facts as proved or found by them whether or not the intention existed. (*Farlow* v. *Ellis,* 15 Gray, 229; *Fox* v. *Harding,* 7 Cush. 516; *Robinson* v. *Penn. Fire Ins. Co.,* 90 Me. 385.) The evidence must have probative force sufficient to prove that there was in fact an intention to waive the right or benefit — a voluntary choice not to claim it. The acts and language of the party must be given, as evidence,

their natural and logical effect under the circumstances of the case. In the *Fox Case* (7 Cush. 516), Judge BIGELOW, writing for the court, said: " But, ordinarily, where the rights and liabilities of parties depend on contracts, and a variety of transactions and dealings arising therefrom, or where the facts are contradictory and complicated, it is a question for the jury to determine, how far parties have waived any of their legal rights. In all questions of this sort, so much depends on the intent with which parties act, that it would be impossible for courts to establish any certain rule by which all cases could be governed. They must necessarily be left to the determination of juries, whose peculiar province it is, to ascertain the intent of parties as gathered from the various facts and circumstances proved in each particular case. And such we understand to be the doctrine recognized and established by judicial decisions." The rule may be applicable although the evidence is free from contradiction. If the established facts permit reasonable minds to differ as to the inferences or effects from them, a question of fact arises. When facts proved without dispute require the exercise of reason and judgment, so that one reasonable mind may infer that a controlling fact exists and another that it does not exist, there is a question of fact. (*Hirsch* v. *Jones*, 191 N. Y. 195.)

In the present case, whether or not the plaintiff waived the default of the defendant, was a question of fact. There was no express waiver. In the shipments by the plaintiff under defendant's orders of March fourteenth and twenty-eighth and the plaintiff's invoices of them, there was evidence that the plaintiff through and by means of them waived the default. The effect of the testimony of Mr. Corbett and the other evidence relating to those orders and invoices must be measured by the jury. In the acts, letters and invoices of the plaintiff subsequent to April third and in certain letters prior to March

first, is evidence that there was not the waiver. The evidence throughout was of an inconclusive or equivocal nature and furnished only grounds of inference and deduction, which it is the appropriate province of a jury only to consider.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.