## MOTZ v ROOT

Ohio Appeals, 9th Dist, Summit Co

No 2350.   Decided, Dec 14, 1934

Naef & McIntosh, Akron, for plaintiff in error.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error.

**OPINION**

By WASHBURN, PJ.

There are a number of claims made by said defendant Root which he urges worked a release and discharge of him from any obligation to pay the plaintiff, but we shall refer only to the claim that the plaintiff, by accepting the defendants Gibson and by her acts and conduct, waived any claim against the defendant Root.

A waiver is the voluntary surrender or relinquishment of a known legal right by agreement, supported by a consideration, or by a failure to exercise a privilege to claim a right when the acts and conduct connected with such failure are such as to plainly indicate an intention not to claim such right, although no one is misled to his injury by such failure.

There are also circumstances which justify what may be designated as a waiver by estoppel, such as where the acts and conduct of a party inconsistent with an intention to claim the right have been such as

to mislead the other party to his prejudice, and thereby estop the party having the right from insisting upon it.

In many cases where a waiver is claimed by reason of a party's neglect to insist upon his right at the proper time, the circumstances have been such as to lead the court to the conclusion that there was no waiver unless the other party was misled to his prejudice; but there are many other cases where claimed waivers were sustained although no element of estoppel or consideration existed.

Champion Spark Plug Co. v Automobile Sundries Co., 273 Fed. 74.

Hotchkiss v City of Binghampton, 105 NE 410.

Springfield Gas & Elec. Co. v Southern Surety Co., 250 SW 78.

Southwest Cotton Co. v Valley Bank, 227 Pac. 986.

O'Neal v Moore, 88 SE 1044 (citing Snyder v Bridge Co., 63 SE 616).

Ford v Ott, 173 NW 121.

A waiver may be proved by express declaration, or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage, or by a course of acts and conduct, or by so neglecting and failing to act, as to clearly evidence that it was the person's intention and purpose to waive.

In the instant case the facts are such as to make applicable the principles announced in the cases holding that there may be a waiver although there was no consideration or misleading of the other party, to his prejudice.

When the first grantee of the mortgagor of said premises conveyed the same to Root and inserted in his said deed a provision that Root should assume the mortgage indebtedness to the plaintiff, which said indebtedness was not created by Root's grantor but was created by said grantor's predecessor in title, said arrangement, by which Root assumed said mortgage indebtedness, merely gave to the plaintiff, to whom said indebtedness was due, the right to elect to take advantage of the agreement between Root and his grantor; or, in other words, gave plaintiff a privilege of claiming a right to enforce the contract against Root; and if, before plaintiff accepted the agreement or asserted rights thereunder or had done some act which fixed her rights, Root and his grantor had rescinded their agreement, the plaintiff could not have enforced said agreement against Root.

**Trimble v Strother, 25 Oh St 278.**

Brewer v Maurer, 38 Oh St 543.

Emmitt v Brophy, 42 Oh St 82, at p. 89.

Community D. & M. Co. v Joseph, 117 Oh St 127.

Plaintiff's right, therefore, was in the nature of an option, plaintiff having no right to enforce the agreement until she had done something to show her assent to said agreement; and she having only an option to accept the contract and thereby claim a right to enforce it, her privilege to claim such right could be waived without there being any consideration for the waiver or any conduct on her part that misled Root to his prejudice; she could waive by conduct which clearly indicated her inteniton not to exercise that option. Her acceptance of payment of interest on the mortgage indebtedness by Root was not an acceptance or adoption of or assent to said agreement.

The evidence shows that, with full knowledge of said agreement, plaintiff filed, in a suit by the party having a first mortgage upon the premises, an answer and cross-petition, in which she set up her mortgage upon said premises and alleged that said premises had been sold by her mortgagor and were then owned by Frank P. and Mabel G. Gibson, who had, by the acceptance of their deed, assumed and agreed to pay said indebtedness (her mortgagor conveyed to Koltnow, and Koltnow conveyed to Root, and Root conveyed to Gibson, and all of said grantees agreed to assume said indebtedness), and she asked judgment for said mortgage indebtedness against her mortgagor and against the Gibsons on their agreement with their grantor to assume said mortgage indebtedness, but she did not ask a like judgment against Koltnow, the first grantee, nor against Root, the second grantee, although they were named as parties defendant in the petition filed by the holder of the first mortgage to foreclose its mortgage.

Thereafter, the Gibsons, the then owners of said property, made an arrangement by which the first mortgage was paid off by the placing upon said property of another first mortgage, which the plaintiff agreed should be prior to her mortgage, and in reference to said refinancing, plaintiff testified that "Mr. Gibson came and fairly pleaded for us to waive, and promised high and low that he would faithfully pay." She also testified that the new first mortgage was for an amount larger than the old first mortgage and that she relied upon Gibson's promise and waived the priority of her mortgage in favor of the new first mortgage, and that she gave no notice to Mr. Root of said transaction.

The evidence shows, however, that the new mortgage was only slightly larger than the old first mortgage, and that at that time Gibson paid to her substantially the amount of such excess to apply on her mortgage, and the evidence further shows that after said transaction was completed, the action to forecose the original first mortgage, and in which plaintiff had filed her said answer and cross-petition, was, with plaintiff's consent, "settled and dismissed at the costs of defendant Frank P. Gibson."

That case was so disposed of on May 15, 1930, and the evidence further shows that the plaintiff never, in any way whatsoever, indicated her assent to the agreement between Root and his grantor by which Root assumed said mortgage indebtedness, nor indicated any intention on her part to adopt or accept the same or claim a right to hold Mr. Root to said agreement or enforce the same against him, until about the time of the bringing of said action in the Common Pleas Court on April 20, 1932, at which time she sought to recover upon the note which evidenced said mortgage indebtedness, and in said suit asked judgment against the maker of said note and all of said successive grantees of said property, including Root.

The exact date that Root accepted the deed from his grantor, in which he assumed said mortgage indebtedness, does not appear in the record, but the record does show that he assumed the taxes and assessments due and payable after December, 1927, and the inference is justified that he accepted his deed at or about that time.

The record also shows that plaintiff knew of said successive transfers of said property and that, after each transfer, she accepted payments of interest on said mortgage indebtedness from each one of said successive grantees. It therefore appears that the contract which the plaintiff seeks to enforce against Root was made in 1927, and that the plaintiff did nothing to show her assent thereto or to indicate an intention on her part to claim any benefit thereunder or enforce the same against Root until 1932; and considering her acts and conduct between those dates, we think that she clearly indicated her intention not to exercise her option to consent to said contract and claim the benefits thereof, and that she thereby waived her privilege to

claim a right to enforce the same, and we think that such waiver is enforceable although there was no agreement to waive, nor any consideration therefor, and although Root may not have been misled to his prejudice by plaintiff's acts and conduct.

"To constitute a waiver, it is not essential to show that the other party has actually been prejudiced. He may have been benefitted. But the facts constituting the waiver must be such as are calculated to lead the other party to do or omit to do what he otherwise might not have done or omitted, as to have lulled him into security when otherwise he might have taken precaution for his own protection or have acted in some manner otherwise than he in fact did."

Ford v Ott, supra, at page 125.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.