### TUCKER et v ALLEN

Ohio Appeals, 9th Dist, Summit Co

No 2706.   Decided Sept 23, 1936

Bailey & Bailey, Akron, for plaintiffs in error.

Harter, Olds & Jarboe, Akron, for defendant in error.

### OPINION

By STEVENS, J.

This cause is before this court on error proceedings, the positions of the parties being the reverse of those occupied by them in the trial court.  Reference will be made to the parties as they appeared in the trial court.

The petition set out a cause of action in quantum meruit for services rendered defendants by plaintiff.  The answer was a general denial.

The evidence adduced disclosed that on May 16, 1934, defendants entered into a contract in writing with a third party for the benefit of plaintiff, which contract was to be effective from May 1, 1934.  Said contract provided that plaintiff was to receive a minimum wage of $117.50 a month for his services from and after May 1, 1934, until he had been employed by defendants for one year, from which time he was to receive $125 a month.  After May 1, 1934, plaintiff, with full knowledge of said contract, continued to work for the same wage theretofore paid him, which wage was materially less than the amount stipulated in said contract, and on December 19, 1934, a check for $218.98 (that being the difference between the wage provided in said contract and the amount actually paid) was drawn to plaintiff by defendants, which check was voluntarily endorsed by plaintiff and returned to defendants.  This was done by plaintiff in consideration of defendants continuing plaintiff in their employ at the wage provided to be thereafter paid, according to the terms of said written contract.

At the trial, the written contract, which had not been sued upon, was introduced and received in evidence, and further evidence concerning said contract was allowed to be introduced.  Defendants then attempted to show that plaintiff had waived his rights under said written contract.

The trial court held that the agreement of waiver by plaintiff of his right to receive said sum of $218.98, in consideration of his continued employment by defendants, was void for uncertainty, because said employment contract did not stipulate any definite period of time for which plaintiff was to be employed.  We hold that plaintiff, having introduced said contract in evidence and sought recovery thereon, and the defendant, having offered evidence of said waiver without objection, and both parties having tried the cause as if the contract and the waiver thereon had been pleaded, the defendant was entitled to insist upon waiver as a defense.

Under such circumstances, the trial court

having disposed of the case in favor of the plaintiff upon that issue, we are called upon to determine whether it erred in making such disposition.

The ground upon which the trial court placed its finding in favor of plaintiff, was, that no valid waiver of plaintiff's right to receive the difference between what had been paid him and what the contract provided should be paid, had occurred. In so holding, it is our judgment that the trial court erred. We are of the opinion that, under all the circumstances ▓▓▓▓▓▓▓▓ shown by the record, the waiver claimed by defendan's was based upon a valid consideration, and that said waiver could also properly be asserted on the basis of estoppel. To our minds, this cause presents a much stronger case than that which we had under consideration in the case of **Motz v Root, 18 Abs 377,** decided by this court December 14, 1934. That case exhaustively considers the question of waiver and in our opinion is decisive of the question here presented.

For error of law occurring at the trial, the judgment of the trial court and of the Court of Common Pleas, affirming said judgment, will be reversed and this cause remanded to the Municipal Court for further proceedings according to law:

Judgment reversed.

FUNK, PJ, and WASHBURN, J, concur in judgment.