In the Matter of the Application of CONRAD H. SULLIVAN, Respondent, for a Mandamus Order against BENJAMIN I. TAYLOR, Supervisor, GEORGE A. FERRIS and Others, Councilmen as Members of and Constituting the Town Board of the Town of Harrison, New York, and CHARLES E. MYERS, Comptroller of Said Town, Appellants.— On appeal by defendants, the town board and the disbursing officers of a town, from an order of the Supreme Court directing them (a) to pay petitioner a salary as town attorney for a period between his dismissal and the expiration of what he asserts was the term for which he was appointed, and (b) to recognize him as town attorney for the period in question, order reversed on the law, and not in the exercise of discretion, without costs, and application denied, without costs. Section 24 of the Town Law does not require that a town attorney be appointed for any definite time; it merely gives him the right to hold office until the first day of January following the next biennial town election after his appointment. That right, like any other right conferred by statute, may be waived. (*Hotchkiss* v. *City of Binghamton*, 211 N. Y. 279, 283; *Brady* v. *Nally*, 151 id. 258, 265; *Matter of New York, L. & W. R. R. Co.*, 98 id. 447, 452, 453.) Petitioner agreed, in advance of appointment, that he should hold office at the pleasure of the town board, prepared the resolution by which he was appointed on that condition, was present when the resolution was passed, and accepted the appointment on that condition without dissent or comment. This constituted a waiver of the right which, but for the waiver, he would have had to hold the office for the time stated in the statute, subject to the power of removal vested in the Supreme Court. (Public Officers Law, § 36.) When a waiver is once made, it cannot be recalled or expunged. (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34, 37.) Furthermore, the petitioner, by his agreement and conduct, is estopped from asserting that his appointment was not at the pleasure of the town board. (*Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12, 16.) Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.

J. R. CONSTRUCTION CORP., Respondent, v. BERKELEY APTS., INC., Appellant. — Order denying the motion for examination before trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.