HARRIETT L. BARTHOLOMAUS, Appellant, v. BERNARD M. BARTHOLOMAUS, Respondent.— Appeal by plaintiff from a judgment in favor of defendant entered on a jury verdict, after a trial in the County Court, Nassau County.   Judgment unanimously affirmed, with costs.   Plaintiff sued for payments alleged to be due to her under an agreement of separation, and defendant pleaded as a defense that the payments claimed had been waived.   The parties, then husband and wife, signed a separation agreement August 12, 1935, in which it was provided that if plaintiff should obtain a decree of separation or divorce from defendant in which provision for her maintenance and support should be made, such provision should be the same as that made in the agreement.   October 21, 1936, plaintiff obtained a decree of divorce in Pennsylvania in an action in which defendant was served in that State but did not interpose a defense.   No provision for maintenance was asked for or obtained by plaintiff in that action, and after obtaining the decree she resumed her occupation of teaching, in which she had been

engaged prior to the marriage. The testimony of the parties was in conflict as to whether plaintiff had told defendant that no payments under the agreement were to be made by him after she obtained the decree, and that she wanted her freedom because she could not resume teaching as a married woman. No such payments were made. Plaintiff waited thirty-four months before commencing this action, and then consulted one attorney, but selected another attorney to represent her. Meanwhile two other attorneys had written defendant on plaintiff's behalf concerning the expunging of her name from papers by which the parties had adopted a boy, but neither of them mentioned any claim of plaintiff against defendant. In the circumstances, the jury were amply justified in finding that, as of the date of the decree, plaintiff waived further payments under the separation agreement. (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34, 37.) The trial court's charge to the jury was free from error. The appeal from an order denying a motion to set aside the verdict and for a new trial is dismissed; there is no such order in the record. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.