WESTDALE REALTY CORPORATION, Landlord, Appellant, *v.* GLENNA M. LABELLA, Tenant, Respondent, et al., Undertenants.

County Court, Westchester County, March 11, 1947.

*Joseph E. Muson* for appellant.

*Daniel Danziger* for respondent.

GALLAGHER, J. This is an appeal from a decision of a Justice of the Peace. It seems that the tenant Labella was the occupant of the property prior to April, 1946, under a lease which extended to September 30, 1946. During the month of April, 1946, tenant Labella departed for Florida leaving word that her apartment could be used in her absence by one John H. Langley and his family. Mr. Langley paid the rent to Mrs. Labella who in turn paid the rent to the landlord. On July 15th tenant Langley decided that he wished to stay permanently in the premises and requested of the landlord that a new lease commencing with the expiration of the old one be given to Mrs. Labella and himself. The landlord claims that this was the first notice which he had that Langley was other than a guest of Labella. There is some question of the facts as to whether the landlord acquired this knowledge prior to the receipt of the check for the August rent and whether the deposit of the August rent on behalf of the landlord was authorized. In any event, the September rent was deposited to the credit of the landlord on September 9th and on September 20th the landlord's attorney wrote a letter to Mrs. Labella terminating the lease as of September 30th subject to " a breach of the said lease by you in subletting your apartment to John H. Langley and Jean L. Langley, his wife ". The court below based its decision on behalf of the tenant on the theory that no subtenancy had been proved, and expressly failed to determine whether or not there was a waiver of the subsequent breach. It is apparent to this court that there was a subletting which was in violation of the covenant of the lease. The question of waiver of such a violation is primarily one of fact where there is a dispute in connection with the facts. (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34, 37.) Such a dispute exists in connection with the acceptance of the rents through August. The October and November rents were received and held and consequently there was no waiver under subdivision 8 of section 1410 of the Civil Practice Act. The sole question is whether the receipt and deposit of the September rent constituted a waiver. Appellant's brief states that it was not a waiver since proceedings were pending and notice of intention to treat the violation of the covenant as a breach had been given. There are references in the record of a letter written by the landlord's attorney to Labella under date of August 12th but the letter was not offered in evidence and no record of its contents appears in the record. For this reason this court must treat the letter of September 20th and

the commencing of this action on the 16th of October as being the first acts by the landlord to end the tenancy and therefore the acceptance and deposit of the September rent on September 9th which is undisputed is a waiver of the breach of covenant as a matter of law.

Appeal dismissed and the order of the lower court dismissing the petition is affirmed.