Harold Baer, J.
This action was against a coauthor and publisher seeking an injunction and damages with respect to the publication of a book by the defendants. Pursuant to motion under rule 106 of the Rulés of Civil Practice the cause of action against the publisher was dismissed. The motion for a preliminary injunction was denied so that question is now academic. At this time, after trial, we are concerned with the defendant coauthor and the question of money damages or an accounting.
*307 The plaintiff and defendant collaborated on a book published under the title “ Captions Courageous”. The work consisted of a series of art masterpieces with humorous captions. It was published during the month of October, 1958 and has had favorable criticism and substantial sales.
In September, 1959 the defendant, through the same publisher, distributed a volume called ‘ ‘ More Captions Courageous ’ ’. This book in form and content is similar, if not identical, to the joint effort of the parties, although the art selections and humorous captions were done by the defendant alone. Admittedly, however, several of the prints included were part of the original manuscript of “ Captions Courageous ” and deleted from that book by the publisher.
The plaintiff seeks his share of the royalties from the second book. Defendant contends that plaintiff was not interested in collaborating on the sequel, had refused to work on such book with the defendant, and had waived his rights to any interest he had or may have had therein.
Where parties are equal owners of a copyrighted work, in absence of an agreement between them governing their rights in the exploitation of the work, they are held to be accountable to each other for such exploitation. In short, they are held to a standard of dealing befitting their mutual interest in the work (see Vogel Music Co. v. Miller Music, 272 App. Div. 571, 573; Underhill v. Schenck, 238 N. Y. 7,18).
The pertinent issue here is whether or not the plaintiff agreed to waive his rights in the second work.
‘ ‘ A waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for the waiver, the party would have enjoyed. It is a voluntary act of the party and does not require or depend upon a new contract, new consideration or an estoppel.” (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37; Clark v. West, 193 N. Y. 349, 360; Davison v. Klaess, 280 N. Y. 252, 261; 92 C. J. S., Waiver, p. 1041 et seq.)
Whether an alleged waiver is express or implied, it nevertheless must be intentional. ‘ ‘ The intention to relinquish the right or advantage must be proved. * * * The evidence must be of probative force sufficient to prove that there was in fact an intention to waive the right or benefit — a voluntary choice not to claim it ” (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., supra, p. 37). The burden is on the person claiming the waiver to prove it (Pash v. Wagner, 2 Misc 2d 822; 92 C. J. S-, Waiver, p. 1069).
*308 The testimony bears out defendant’s contention that plaintiff refused to collaborate with the plaintiff on the sequel. Plaintiff did indicate that he was doing another work which he felt was more important than working on a sequel. He probably told the defendant to do the sequel himself if he so desired. However, nowhere in the testimony is there any convincing proof that plaintiff waived his right in the property or the title to the first book (“ Captions Courageous ”) or that he agreed that the sequel would be in such form as to be hardly distinguishable from the first work. Moreover, upon release of the second book defendant and his publisher capitalized on the success of the first work in their advertising, display, format, title, and public relations and through every other media. From this it is fair to infer that the sales of the second book must adversely affect the sales of the first and therefore reduce plaintiff’s royalties therefrom.
Under all the circumstances here I find that the defendant has failed to prove its affirmative defense of waiver and that judgment must be for the plaintiff.
There is no need for an accounting at this time because no royalties have as yet been received from the second book. Although there has been some distribution, the first statement from the publisher is not due for several months. The wrong to the plaintiff may be redressed by applying to the second book the same contract terms as applied to the first. Both books were published by the same publisher under similar contracts. The authors are entitled to a royalty of 10% of the retail price. This was divided equally with respect to the first book and likewise should be divided equally for the sequel.
Submit proposed findings of fact and conclusions of law and proposed judgment on notice* The plaintiff is awarded $20 costs.