(October 10, 1961)

Rose Delano, as Guardian ad Litem of Michael Delano, an Infant, et al., Respondents, v. John H. Duhart, Appellant.

*Per Curiam.* Defendant appeals in this personal injury negligence action from an order setting aside a jury verdict for defendant as contrary to the weight of the evidence and granting a new trial.

The action was brought to recover for the injuries sustained by two teenagers who were riding in an automobile driven by defendant's son when it went out of control on a six-lane highway and crashed into a light pole on the middle traffic divider. Rain was falling and the roadway was slippery. The car was traveling at a "good clip". At a curve in the road, the driver accelerated and pulled out of the far right-hand lane to pass another automobile ahead. Defendant's car skidded, turned completely around, hit the light pole and came to rest on the far side of the divider.

The above version of the accident was given by plaintiffs. Neither side called the driver, who had not been named as a defendant, as a witness and no evidence was offered by the defense. During their deliberations, the jury asked the court whether plaintiffs could have called the driver as a witness. The court thereupon gave further instructions in response to the question and reminded the jury of related instructions given in the main charge.

The testimony by the interested plaintiffs to the effect that the driver of defendant's automobile caused the accident by attempting to pass another automobile on a curve in the highway merely raised a question for the jury. Although a verdict for plaintiffs based on an inference of negligence might readily have withstood attack, the jury was not bound to infer negligence (*Matter of Totten*, 179 N. Y. 112, 116; *Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100, 104; *Hirsch* v. *Jones*, 191 N. Y. 195, 197–198; 1 Shearman and Redfield, Negligence, § 42; for a correlative rule in cases involving the principle of *res ipsa loquitur*, see *Lo Piccolo* v. *Knight of Rest Prods. Corp.*, 7 A D 2d 369, 374–375, and cases cited therein, affd. 9 N Y 2d 662).

The failure of defendant to call the driver as a witness was apparently interpreted quite realistically by the jury. Plaintiffs and defendant's son were companions of similar age on a pleasure ride in defendant's automobile, being driven by defendant's son. The court's response to the jury's question whether plaintiffs could have called the driver as a witness, namely, that anyone may be called as a witness by any party, was correct. Any possible erroneous inference by the jury was precluded by the court's instructions in the main charge with regard to the calling of witnesses in the control of the party and by the further advice at the time of the jury's question that one who calls a witness may be bound by his answers. Consequently, there remained no reason for the verdict being set aside and it should have been permitted to stand.

Accordingly, the order granting plaintiffs' motion to set aside the verdict and granting a new trial should be reversed, on the law, the facts, and in the exercise of discretion, the verdict reinstated and judgment directed in favor of defendant, with costs in favor of defendant-appellant against plaintiffs-respondents. Breitel, J. P., Valente, Stevens and Steuer, JJ., concur.

Order, entered on April 12, 1961, granting plaintiffs' motion to set aside the verdict and granting a new trial, unanimously reversed, on the law, on the facts, and in the exercise of discretion, the verdict reinstated and judgment directed in favor of defendant, with costs in favor of defendant-appellant against plaintiffs-respondents.