Harold J. Crawford, J.
Three motions: (1) by the plaintiff for summary judgment, (2) by the defendants for summary judgment and (3) for judgment on the pleadings dismissing the complaint for legal insufficiency.
The action was brought to recover a deposit in the sum of $5,000 together with the net cost of title examination and survey in the sum of $444 on the basis of a contract of sale for the purchase of certain realty entered into between the plaintiff and the defendant Julius Singer in connection with which the sum of $5,000 was deposited in escrow with the defendants Weinberg & Jacobowitz.
It is not denied that it was expressly represented in the contract that the premises sold covered a plot of not less than 41,000 square feet and that, in the event the purchaser’s survey or title report should disclose that the property to be conveyed contained less than 41,000 square feet, there shall be no diminution of the sale price but that the purchaser in such case shall have the option of canceling the contract and, upon forwarding *607 notice of such cancellation by certified mail to the seller’s attorneys, and upon the return of the deposit by them to the purchaser and upon the seller paying any net title cost incurred, the contract shall be cancelled and there shall be no claim by either party as against the other.
It is the contention of the plaintiff that the parcel involved contained only 39,441.90 square feet and that due notice was given by certified mail on June 18,1962, of plaintiff’s election to cancel the contract on the ground that the defendant could not convey 41,000 square feet as represented in the contract.
There is no denial of the foregoing. However, it is claimed that in January, 1962, approximately one month after the contract was made, the plaintiff learned that the property contained less than 41,000 square feet but continued to negotiate with respect to other matters, and on March 22,1962, the plaintiff was notified that it must elect to either cancel the contract or same would be considered a firm contract, and thereafter the letter of June 18, 1962, was mailed by the plaintiff.
The answer pleads the defense of waiver in that the plaintiff failed to timely give the requisite notices for the cancellation of the contract, and as a counterclaim the defendant Singer seeks damages in the sum of $5,000 for breach of contract.
‘ ‘ A waiver is an intentional abandonment or relinquishment of a known right”. (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37.) Whether under the circumstances here presented there was a waiver by the plaintiff within the foregoing definition presents a material question of fact which cannot be disposed of summarily.
Accordingly, each motion for summary judgment is denied.
The defendants’ motion for judgment on the pleadings dismissing the complaint is based upon the failure of the plaintiff to plead, as required by subdivision 1 of rule 93 of the Buies of Civil Practice, that it is a corporation, whether domestic or foreign, and if the latter, the State, country or government by or under whose laws it was created.
There can be no question that this omission renders the complaint insufficient. Plaintiff argues, however, that since the defendants’ counterclaim pleads, in paragraph “ fourth ” thereof, that the plaintiff was at all times and still is a domestic corporation — an allegation that has been admitted in plaintiff’s reply — the omission in the complaint has been cured. That, perhaps, should be the result under modern concepts of liberality in pleading. However, rule 93 of the Buies of Civil Practice is clear and unequivocal and there is no provision in the Civil Practice Act or Buies of Civil Practice permitting a defect in the *608 complaint to be supplied in a counterclaim of the defendant which, for all intents and purposes, is a separate action. Just as paragraphs of a complaint may not be incorporated by reference in a counterclaim, and reference is allowed only with respect to paragraphs in the same pleading (Davidow v. Gusmor Realty Corp., 12 Misc 2d 801) so may not a counterclaim supply an allegation required to be averred in a complaint in order to state a good cause of action. Upon a motion to dismiss a complaint for legal insufficiency, the court is limited to the four corners of that pleading.
The motion is, accordingly, granted with leave to the plaintiff to serve an amended complaint in accordance with these views within 10 days after the service of a copy of the order to be entered hereon.