MICHAEL L. BRADY, JR., Appellant, *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent, et al., Defendant.

Third Department, July 15, 1963.

*Chernin & Gold (Sanford P. Tanenhaus* of counsel), for appellant.

*Kramer, Wales & Robinson (Conrad E. Stearns* of counsel), for respondent.

TAYLOR, J. In this action for a declaratory judgment plaintiff appeals from an order of the Supreme Court which denied his motion for summary judgment and granted summary judgment to the defendant, the Fidelity and Casualty Company of New York, and from the judgment in its favor entered thereon. Upon allegations of waiver and estoppel the adjudication sought is that the defendant casualty company is obligated to defend and indemnify him under its policy of automobile liability insurance in connection with causes of action instituted by the codefendant Atkins arising out of a motor vehicle accident which occurred on September 22, 1960.

Pursuant to the provision of the New York Assigned Risk Plan the company issued its policy covering plaintiff's vehicle for a one-year period commencing on August 3, 1959. On or about June 3, 1960 the insurer by means of a printed form communicated to its insured an offer to renew the policy for an

additional year provided an indicated premium payment was received at its office in Buffalo, New York, on or before July 19, 1960. Plaintiff failed to comply with this condition within the appointed time. In compliance with section 93-c of the. Vehicle and Traffic Law (now § 313) the company on July 20, 1960 gave notice to its insured that the term of the policy would not be extended beyond its expiration date and on August 3, 1960 advised the Bureau of Motor Vehicles of its termination at 12:01 A.M. on that day. No renewal policy was thereafter issued.

On July 25, 1960 plaintiff forwarded his check for the full amount .of the premium to the office designated by the company together with the written offer to renew which he had received on or about June 3. The check was thereafter deposited in the company's bank account to which its proceeds were credited on August 1. On October 7, 1960 the premium was refunded to plaintiff's procuring agent with a covering letter stating that the payment had not been timely made '' and therefore, our nonrenewal holds true.''

The untimeliness of the remittance was disclosed by the check itself and by the instrument which accompanied it. Counsel for respondent ascribes the acceptance of the premium and its retention for the period indicated to an interdepartmental mistake allegedly discovered before it had notice of plaintiff's involvement in the accident. The factual bases of the administrative error claimed are not shown. Plaintiff asserts that he relied upon the acceptance of the premium payment by the company and procured no other insurance before the date of the motor vehicle collision.

We disagree with the conclusion of Special Term that the rescissory language of the premium and nonrenewal notices served on plaintiff in accordance with the provisions of the Assigned Risk Plan is of such overriding evidentiary significance as to refute conclusively the inferences of waiver and estoppel on the part of the insurer sought to be drawn by plaintiff from proof of its acceptance and retention of the premium payment and thus left no issue to be tried. Whether or not the company by these acts intended to abandon and relinquish its right to cancel the policy and whether or not the plaintiff was or in reason could have been misled to his prejudice by a change of position as to his insurance coverage in reliance upon its conduct present factual issues which should not have been determined summarily but must await a plenary trial for resolution. (Rules ·Civ. Prac., rule 113; *Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.*, 222 N. Y. 34; *Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, motion for reargument

denied 3 N Y 2d 941; *Falk* v. *Goodman,* 7 N Y 2d 87; *Stone* v. *Goodson,* 8 N Y 2d 8, motion for reargument denied 8 N Y 2d 934.) Mistake is essentially a matter of confession and avoidance. Plaintiff cannot be compelled to accept the conclusory version of counsel but is entitled to confront and cross-examine the witnesses who can speak with knowledge of the facts.

The case relied on by respondent (*Travelers Ins. Co.* v. *Pomerantz,* 246 N. Y. 63) was determined after trial and is not decisive of the procedural issue here.

The order should be modified by reversing judgment for defendant and denying defendant's motion therefor and as thus modified, affirmed, without costs.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order modified by reversing judgment for the defendant and denying defendant's motion therefor, and as thus modified, affirmed, without costs.