I respectfully dissent from the majority's holding in assignment of error one, since I believe Appellee's claim for child support was barred by the doctrine of waiver. As stated by the majority, "[a] `waiver' is the voluntary surrender or relinquishment of a known legal right or intentionally doing an act inconsistent with claiming it." Marfield v.Cincinnati, DT Traction Co. (1924), 111 Ohio St. 139, 145. This court has found that a waiver may occur from a failure to exercise a privilege to claim a right. Motz v. Root (1934), 53 Ohio App. 375, 376.
In the instant case, Appellee failed to complain about Appellant's non-payment of child support from September 1972 until September 1999, a total of 27 years. When Appellee asserted her claim to the child support arrearages, her daughter was 27 years old and had been emancipated for nine years. Appellee testified that the event that prompted her to assert her right to child support was her daughter's upcoming wedding. Significantly, she stated that she did not want to go into debt as a result of her efforts to pay for the wedding. Appellee also explained that she had not talked to Appellant since the initial divorce proceedings in 1972 and that she made no effort to collect the child support payments. Appellee also confirmed that Appellant made no effort to contact the child.
This is a similar situation to that discussed in Long v. Long (Oct. 22, 1980), Summit App. Nos. 9590 and 9715, unreported, at 8, where this court stated, "Thus, we have a situation where each acquiesced in the conduct of the other for many years. They impliedly agreed by their respective conduct to waive or relinquish certain rights, i.e., she to support and he to the incidents of fatherhood." This court went on to hold as follows:
 However, the issue is now whether she should be permitted to enforce a right which she relinquished for many years and collect a "windfall judgment" after the children were practically at the age of majority. We think not. We hold that she should be estopped to assert any claim for support during the period that they were each acquiescing in the others [sic.] conduct by relinquishing their rights.
Id. at 9. See, also, Glass v. Glass (Mar. 12, 1986), Summit App. No. 12273, unreported, at 4 (discussing the holding in Long and stating that since the mother made no effort to collect child support payments for 17 years, her conduct inferred a desire to relinquish her support rights).
For the foregoing reasons, I would reverse the decision of the lower court.